UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

EMANUEL ARCHIBALD

Case No.: 23-35251-cgm
(Chapter 13)

Assigned to:
Hon. Cecelia G. Morris
Bankruptcy Judge

Debtor.

## AFFIRMATION IN OPPOSITION TO DEBTOR'S OBJECTION TO CREDITOR'S CLAIM

     I, Courtney R. Shed, Esq., am an attorney duly licensed to practice law in the Courts of this State and in the United States Bankruptcy Court for the Southern District of New York and hereby state as follows:

     1.     I am an attorney at law duly licensed to practice before this Court and an associate with the office of Gross Polowy, LLC, attorneys for Nationstar Mortgage, LLC as servicing agent for Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank Minnesota, National Association (formerly known as Norwest Bank Minnesota, National Association), not in its individual or banking capacity, but solely in its capacity as Trustee for the Merrill Lynch Mortgage Investors Trust, Series 2005-HE3 ("Secured Creditor"), and as such, as fully familiar with the facts and circumstances of the present case.

     2.     Secured Creditor is the holder of a note secured by a mortgage on real property commonly known as 117 Brigadoon Boulevard, Highland Mills, New York 10930 which is property owned by the Debtor.

     3.     Secured Creditor filed a timely proof of claim in the above captioned case on June 7, 2023 as claim number 1-1 on the claims register (the "Claim"). A copy of the Claim is attached as **Exhibit "A."**

     4.     The Claim relates to loan no ...5667 and depicts arrears in the amount of $1,039,119.37.

     5.     The Debtor filed an Objection to Proof of Claim No. 1-1 on June 27, 2023 as Doc 19 (the "Claim Objection"). The Claim Objection alleges the Claim is time barred.  As set forth below, the Debtor's Claim Objection is without merit and should be denied in its entirety.

**<u>The Law Regarding the Validity of a Proof of Claim is clearly established, as set forth in the Southern District Decision In re Feinberg</u>**

6.      In the widely reported decision <u>In re Feinberg</u>, 44 B.R. 215,220 (Bankr. S.D.N.Y., July 30,2010), the Court set forth the standard that proofs of claim have to meet:

> Pursuant to Bankruptcy Code Section 502(a), a proof of claim is deemed allowed unless a party in interest objects to it.  As Bankruptcy Rule 3001(f) states, "A proof of claim is executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Assuming that the "averments in [the] claims filed meet the standard of sufficiency, it is 'prima facie' valid" the burden the shifts to the objector to produce evidence sufficient to negate prima facie validity.

In <u>In re Feinberg</u>, 442 B.R. 215, 220 (Bankr. S.D.N.Y., July 30, 2010), *citing* <u>In re Allegheny Int'l Inc.</u>, 954 F.2d 167, 173-74 (3d Cir. 1992).

7.      The Court goes on to state that the party objecting to a proof of claim must produce evidence which "would refute at least one of the allegations that is essential to the claim's legal sufficiency." <u>In re Feinberg</u>, 442 B.R. 215 *citing* <u>In re Allegheny Int'l Inc.</u>, 954 F.2d 167, 173-74.

### The Claim In This Case Is Prima Facie Valid

8.      The filed Claim is in its standard form and contains within it all necessary disclosures including a statement of principal and interest rate, a statement of pre-petition fees expenses and charges, and a statement of amount necessary to cure the default, all in elaborate detail with breakdowns of specific items.  The mortgage proof of claim attachment shows the full transaction history of the account from the date of default, March 1, 2007, to the petition date and itemizes the interest, fees, expenses and charges as required by Bankruptcy Rule 3001(c)(2)(A).

9.      Furthermore, attached to the Claim are copies of the Note, recorded Mortgage, recorded Assignment and escrow account disclosure statement.  <u>See</u>, <u>Id.</u>  In light of such an elaborate claim, filed with all supporting information, it is clear that that the Claim in the instant case is as elaborate and as detailed as required under Federal Bankruptcy Rule Section 3001.

10.     It is therefore respectfully submitted that the Claim as filed is prima facie valid, and pursuant to the Court's analysis in Feinberg, the burden now shifts to the Debtor to produce evidence which if believed, would refute at least one of the allegations that is essential to the claim's sufficiency.   It is respectfully submitted that Debtor fails to meet that burden.

**The Claim Is Valid And Fully Enforceable Because Secured Creditor Commenced A Timely Foreclosure Action Pursuant To New York Civil Practice Law And Rules § 213**

11.     The Claim Objection alleges Secured Creditor's Claim is time barred due to the expiration of the Statute of Limitations. This allegation has no merit and should be dismissed in its entirety.

12.     Under New York Civil Practice Law and Rules § 213, an action based on a note and mortgage upon real property must be commenced within six years. *See* N.Y. C.P.L.R. § 213. Here, the Debtor defaulted on the note and mortgage on March 1, 2007. Secured Creditor commenced its foreclosure action in the Supreme Court of New York, Orange County on August 29, 2008 as Index Number 2008-009428. The foreclosure action was commenced one year and five months after the default date which is clearly within the six year statute of limitations. The foreclosure action is currently active and the foreclosure sale scheduled for April 5, 2023 was stayed by the instant bankruptcy case.  The  E-Courts appearance detail is annexed as **"Exhibit B."**

13.     Since Secured Creditor timely commenced a foreclosure action, Secured Creditor is still entitled to collect on this debt and the Claim is fully enforceable against the Debtor. The Claim Objection must therefore be denied in its entirely.

14.     Based on the foregoing, Secured Creditor's Proof of Claim is valid and fully enforceable against the Debtor. Accordingly, Secured Creditor respectfully requests that the Debtor's Claim Objection be denied in its entirety.

WHEREFORE, the Secured Creditor respectfully requests that the Court deny Debtor's Objection to Proof of Claim No. 1-1, together with such other and further relief as the Court deems just and equitable.

DATED: July 11, 2023
      Williamsville, New York

                        /s/ Courtney R. Shed
                        Courtney R. Shed, Esq.
                        GROSS POLOWY, LLC
                        Attorneys for Secured Creditor
                        Nationstar Mortgage, LLC as servicing agent for Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank Minnesota, National Association (formerly known as Norwest Bank Minnesota, National Association), not in its individual or banking capacity, but solely in its capacity as Trustee for the Merrill Lynch Mortgage Investors Trust, Series 2005-HE3
                        1775 Wehrle Drive, Suite 100
                        Williamsville, NY 14221

# EXHIBIT A

**Fill in this information to identify the case**

Debtor 1  <u>Emanuel Archibald</u>

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Southern District of New York

Case number  <u>23-35251-cgm</u>

## Official Form 410
## Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

| 1. | Who is the current creditor? | <u>Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank Minnesota, National Association (formerly known as Norwest Bank Minnesota, National Association), not in its individual or banking capacity, but solely in its capacity as Trustee for the Merrill Lynch Mortgage Investors Trust, Series 2005-HE3</u><br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor |
| --- | --- | --- |
| 2. | Has this claim been acquired from someone else? | ☒ No<br>☐ Yes. From whom? |
| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br><u>Nationstar Mortgage LLC ATTN: BK Department</u><br>Name<br><br><u>P.O. Box 619096</u><br>Number      Street<br><br><u>Dallas          TX          75261-9741</u><br>City        State        ZIP Code<br><br>Contact phone <u>877-343-5602</u><br><br>Contact Email: _____<br><br><br>**Where should payments to the creditor be sent?**<br><br><u>Nationstar Mortgage LLC ATN: BK Department</u><br>Name<br><br><u>P.O. Box 619094</u><br>Number      Street<br><br><u>Dallas          TX          75261-9741</u><br>City        State        ZIP Code<br><br>Contact phone <u>877-343-5602</u><br><br>Contact Email: _____<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ |
| 4. | Does this claim amend one already filed? | ☒ No<br>☐ Yes. Claim number on court claims (if known) _____     Filed on _____<br>                                              MM / DD  / YYYY |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☒ No<br>☐ Yes. Who made the earlier filing? _____ |

| **Part 2:** | **Give information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No
☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  5667

---

**7. How much is the claim?**

$1,438,587.75

Does this amount include interest or other charges?

☐ No

☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A)

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

---

**9. Is all or part of the claim secured?**

☐ No
☒ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment (Official Form 410-A)* with this Proof of Claim.
**117 Brigadoon Boulevard, Highland Mills, New York 10930**

☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:**  Recorded Mortgage on Real Property

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                          $_____

**Amount of the claim that is secured:**       $1,438,587.75

**Amount of the claim that is unsecured:**  $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $1,039,119.37

**Annual Interest Rate** (when case was filed)  8.2000%
☐ Fixed
☒ Variable

---

**10. Is this claim based on a lease?**

☒ No
☐ Yes.  **Amount necessary to cure any default as of the date of the petition.**   $_____

---

**11. Is this claim subject to a right of setoff?**

☒ No
☐ Yes.  Identify the property:_____

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.C.C. § 507(a)**<br><br>A claim may be partly priority and partly nonpriority. For example, In some categories, the law limits the amount entitled to priority | ☒ No<br><br>☐ Yes. Check all that apply: Amount entitled to priority         **Amount entitled to priority**<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____<br><br>☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____<br><br>☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____<br><br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.    $_____<br><br>* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. |

---

**Part 3:  Sign Below**

| | |
|---|---|
| **The person completing this proof of claim must sign and date it.**<br>**FRBP 9011(b)**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**<br>**18 U.S.C. §§ 152, 157, and 3571.** | Check the appropriate box:<br><br>☐ I am the creditor.<br><br>☒ I am the creditor's attorney or authorized agent.<br><br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br><br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date   06/07/2023<br>            MM / DD / YYYY<br><br>/s/ Courtney R. Shed<br>Signature<br><br>**Print the name of the person who is completing and signing this claim:**<br><br>Name     Courtney     R.     Shed, Esq<br>        First name    Middle name    Last name<br><br>Title      Attorneys for Creditor<br><br>Company   Gross Polowy, LLC<br>        Identify the corporate servicer as the company if the authorized agent is a servicer.<br><br>Address    1775 Wehrle Drive, Suite 100<br>        Number     Street<br><br>        Williamsville      New York      14221<br>        City            State       ZIP Code<br><br>Contact phone   (716) 204-1700      Email   POCinquiries@grosspolowy.com |

**Mortgage Proof of Claim Attachment**                    **(12/15)**

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

| Part 1: Mortgage and Case Information | | Part 2: Total Debt Calculation | | Part 3: Arrearage as of Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|---|
| Case number: | 23-35251-cgm Emanuel | Principal balance: | $503,400.00 | Principal & interest due: | $657,739.98 | Principal & interest: | $3,733.90 |
| Debtor 1: | Archibald | Interest due: | $562,759.25 | Prepetition fees due: | $42,901.17 | Monthly escrow: | $1,658.85 |
| Debtor 2: | | Fees, costs due: | $42,901.17 | Escrow deficiency for funds advanced: | $329,527.33 | Private mortgage insurance: | $0.00 |
| Last 4 digits to identify: | 5667 | Escrow deficiency for funds advanced: | $329,527.33 | Projected escrow shortage: | $8,950.89 | | |
| Creditor: | * | Less total funds on hand: | -$0.00 | Less funds on hand: | -$0.00 | Total monthly payment: | $5,392.75 |
| | Nationstar | | | | | | |
| Servicer: | Mortgage LLC | Total debt: | $1,439,587.75 | Total prepetition arrearage: | $1,039,119.37 | | |
| Fixed accrual/daily Simple interest/other | Other | | | | | | |

* Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank Minnesota, National Association (formerly known as Norwest Bank Minnesota, National Association), not in its individual or banking capacity, but solely in its capacity as Trustee for the Merrill Lynch Mortgage Investors Trust, Series 2005-HE3

**Part 5 : Loan Payment History from First Date of Default**

| | | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount Incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Amount to Unapplied funds | M. Principal balance | N. Accrued Interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| | | | | Starting Balances | | | | | | | | | | | | |

**Mortgage Proof of Claim Attachment: Additional Page**                                    **(12/15)**

Nationstar Mortgage LLC services the loan on the property referenced in this proof of claim. In the event the automatic stay in this case is modified, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of " Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank Minnesota, National Association (formerly known as Norwest Bank Minnesota, National Association), not in its individual or banking capacity, but solely in its capacity as Trustee for the Merrill Lynch Mortgage Investors Trust, Series 2005-HE3".

Noteholder directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Noteholder or has been duly endorsed. Noteholder is the original mortgagee, or beneficiary, or the assignee of the security instrument for the referenced loan.

Official Form 410A                                    **Mortgage Proof of Claim Attachment**

**Part 5: Loan Payment History from First Date of Default**

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued Interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3/1/2007 | 2,600.90 | | | Delinquent P & I Payment due | 3/1/2007 | 2,600.90 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 4/1/2007 | 2,600.90 | | | Delinquent P & I Payment due | 3/1/2007 | 5,201.80 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 5/1/2007 | 2,600.90 | | | Delinquent P & I Payment due | 3/1/2007 | 7,802.70 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 6/1/2007 | 2,600.90 | | | Delinquent P & I Payment due | 3/1/2007 | 10,403.60 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 7/1/2007 | 2,600.90 | | | Delinquent P & I Payment due | 3/1/2007 | 13,004.50 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 8/1/2007 | 3,859.40 | | | Delinquent P & I Payment due | 3/1/2007 | 16,863.90 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 9/1/2007 | 3,859.40 | | | Delinquent P & I Payment due | 3/1/2007 | 20,723.30 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 10/1/2007 | 3,859.40 | | | Delinquent P & I Payment due | 3/1/2007 | 24,582.70 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 11/1/2007 | 3,859.40 | | | Delinquent P & I Payment due | 3/1/2007 | 28,442.10 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 12/1/2007 | 3,859.40 | | | Delinquent P & I Payment due | 3/1/2007 | 32,301.50 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 1/1/2008 | 3,859.40 | | | Delinquent P & I Payment due | 3/1/2007 | 36,160.90 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 2/1/2008 | 4,278.90 | | | Delinquent P & I Payment due | 3/1/2007 | 40,439.80 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 3/1/2008 | 4,278.90 | | | Delinquent P & I Payment due | 3/1/2007 | 44,718.70 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 4/1/2008 | 4,278.90 | | | Delinquent P & I Payment due | 3/1/2007 | 48,997.60 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 5/1/2008 | 4,278.90 | | | Delinquent P & I Payment due | 3/1/2007 | 53,276.50 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 6/1/2008 | 4,278.90 | | | Delinquent P & I Payment due | 3/1/2007 | 57,555.40 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 7/1/2008 | 4,278.90 | | | Delinquent P & I Payment due | 3/1/2007 | 61,834.30 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 8/1/2008 | 3,859.40 | | | Delinquent P & I Payment due | 3/1/2007 | 65,693.70 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 9/1/2008 | 3,859.40 | | | Delinquent P & I Payment due | 3/1/2007 | 69,553.10 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 10/1/2008 | 3,859.40 | | | Delinquent P & I Payment due | 3/1/2007 | 73,412.50 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 11/1/2008 | 3,859.40 | | | Delinquent P & I Payment due | 3/1/2007 | 77,271.90 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 12/1/2008 | 3,859.40 | | | Delinquent P & I Payment due | 3/1/2007 | 81,131.30 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 1/1/2009 | 3,859.40 | | | Delinquent P & I Payment due | 3/1/2007 | 84,990.70 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 2/1/2009 | 3,439.90 | | | Delinquent P & I Payment due | 3/1/2007 | 88,430.60 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 3/1/2009 | 3,439.90 | | | Delinquent P & I Payment due | 3/1/2007 | 91,870.50 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 4/1/2009 | 3,439.90 | | | Delinquent P & I Payment due | 3/1/2007 | 95,310.40 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 5/1/2009 | 3,439.90 | | | Delinquent P & I Payment due | 3/1/2007 | 98,750.30 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 6/1/2009 | 3,439.90 | | | Delinquent P & I Payment due | 3/1/2007 | 102,190.20 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 7/1/2009 | 3,439.90 | | | Delinquent P & I Payment due | 3/1/2007 | 105,630.10 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 8/1/2009 | 3,020.40 | | | Delinquent P & I Payment due | 3/1/2007 | 108,650.50 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 9/1/2009 | 3,020.40 | | | Delinquent P & I Payment due | 3/1/2007 | 111,670.90 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 10/1/2009 | 3,020.40 | | | Delinquent P & I Payment due | 3/1/2007 | 114,691.30 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 11/1/2009 | 3,020.40 | | | Delinquent P & I Payment due | 3/1/2007 | 117,711.70 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 12/1/2009 | 3,020.40 | | | Delinquent P & I Payment due | 3/1/2007 | 120,732.10 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 1/1/2010 | 3,020.40 | | | Delinquent P & I Payment due | 3/1/2007 | 123,752.50 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 2/1/2010 | 2,600.90 | | | Delinquent P & I Payment due | 3/1/2007 | 126,353.40 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 3/1/2010 | 2,600.90 | | | Delinquent P & I Payment due | 3/1/2007 | 128,954.30 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 4/1/2010 | 2,600.90 | | | Delinquent P & I Payment due | 3/1/2007 | 131,535.20 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 5/1/2010 | 2,600.90 | | | Delinquent P & I Payment due | 3/1/2007 | 134,156.10 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 6/1/2010 | 2,600.90 | | | Delinquent P & I Payment due | 3/1/2007 | 136,757.00 | | | | | $ - | $ 503,400.00 | $ - | $ (83,935.39) | $ - | 208.20 |
| 6/24/2010 | | | | City Tax Disbursed | 3/1/2007 | 136,757.00 | | | $ (329.64) | | $ - | $ 503,400.00 | $ - | $ (84,265.03) | $ - | 208.20 |
| 6/25/2010 | | | | Escrow Disbursed | 3/1/2007 | 136,757.00 | | | $ (1,140.34) | | $ - | $ 503,400.00 | $ - | $ (85,405.37) | $ - | 208.20 |
| 7/1/2010 | 2,600.90 | | | Delinquent P & I Payment due | 3/1/2007 | 139,357.90 | | | | | $ - | $ 503,400.00 | $ - | $ (85,405.37) | $ - | 208.20 |
| 8/1/2010 | 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | 142,663.13 | | | | | $ - | $ 503,400.00 | $ - | $ (85,405.37) | $ - | 208.20 |
| 9/1/2010 | 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | 145,968.36 | | | | | $ - | $ 503,400.00 | $ - | $ (85,405.37) | $ - | 208.20 |
| 9/20/2010 | | | | SCHOOL TAX DISBURSED | 3/1/2007 | 145,968.36 | | | $ (9,686.99) | | $ - | $ 503,400.00 | $ - | $ (95,092.36) | $ - | 208.20 |
| 10/1/2010 | 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | 149,273.59 | | | | | $ - | $ 503,400.00 | $ - | $ (95,092.36) | $ - | 208.20 |
| 11/1/2010 | 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | 152,578.82 | | | | | $ - | $ 503,400.00 | $ - | $ (95,092.36) | $ - | 208.20 |
| 12/1/2010 | 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | 155,884.05 | | | | | $ - | $ 503,400.00 | $ - | $ (95,092.36) | $ - | 208.20 |
| 1/1/2011 | 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | 159,189.28 | | | | | $ - | $ 503,400.00 | $ - | $ (95,092.36) | $ - | 208.20 |
| 1/25/2011 | | | | City Tax Disbursed | 3/1/2007 | 159,189.28 | | | $ (4,755.42) | | $ - | $ 503,400.00 | $ - | $ (99,847.78) | $ - | 208.20 |
| 2/1/2011 | 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | 162,494.51 | | | | | $ - | $ 503,400.00 | $ - | $ (99,847.78) | $ - | 208.20 |
| 3/1/2011 | 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | 165,799.74 | | | | | $ - | $ 503,400.00 | $ - | $ (99,847.78) | $ - | 208.20 |
| 4/1/2011 | 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | 169,104.97 | | | | | $ - | $ 503,400.00 | $ - | $ (99,847.78) | $ - | 208.20 |
| 5/1/2011 | 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | 172,410.20 | | | | | $ - | $ 503,400.00 | $ - | $ (99,847.78) | $ - | 208.20 |
| 6/1/2011 | 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | 175,715.43 | | | | | $ - | $ 503,400.00 | $ - | $ (99,847.78) | $ - | 208.20 |
| 6/24/2011 | | | | City Tax Disbursed | 3/1/2007 | 175,715.43 | | | $ (481.71) | | $ - | $ 503,400.00 | $ - | $ (100,329.49) | $ - | 208.20 |

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued Interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/1/2011 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 179,020.66 | | | | | $ - | $ 503,400.00 | $ - | $ (100,329.49) | $ - | $ 208.20 |
| 7/7/2011 | $ 208.20 | | | MISC ADJ | 3/1/2007 | $ 179,020.66 | | | | $ 208.20 | $ (208.20) | $ 503,400.00 | $ - | $ (100,121.29) | $ - | $ - |
| 8/1/2011 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 182,325.89 | | | | | $ - | $ 503,400.00 | $ - | $ (100,121.29) | $ - | $ - |
| 9/1/2011 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 185,631.12 | | | | | $ - | $ 503,400.00 | $ - | $ (100,121.29) | $ - | $ - |
| 9/15/2011 | | | | SCHOOL TAX DISBURSED | 3/1/2007 | $ 185,631.12 | | | $ (10,036.68) | | $ - | $ 503,400.00 | $ - | $ (110,157.97) | $ - | $ - |
| 10/1/2011 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 188,936.35 | | | | | $ - | $ 503,400.00 | $ - | $ (110,157.97) | $ - | $ - |
| 11/1/2011 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 192,241.58 | | | | | $ - | $ 503,400.00 | $ - | $ (110,157.97) | $ - | $ - |
| 12/1/2011 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 195,546.81 | | | | | $ - | $ 503,400.00 | $ - | $ (110,157.97) | $ - | $ - |
| 1/1/2012 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 198,852.04 | | | | | $ - | $ 503,400.00 | $ - | $ (110,157.97) | $ - | $ - |
| 1/16/2012 | | | | City Tax Disbursed | 3/1/2007 | $ 198,852.04 | | | $ (4,899.65) | | $ - | $ 503,400.00 | $ - | $ (115,057.62) | $ - | $ - |
| 2/1/2012 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 202,157.27 | | | | | $ - | $ 503,400.00 | $ - | $ (115,057.62) | $ - | $ - |
| 3/1/2012 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 205,462.50 | | | | | $ - | $ 503,400.00 | $ - | $ (115,057.62) | $ - | $ - |
| 4/1/2012 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 208,767.73 | | | | | $ - | $ 503,400.00 | $ - | $ (115,057.62) | $ - | $ - |
| 5/1/2012 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 212,072.96 | | | | | $ - | $ 503,400.00 | $ - | $ (115,057.62) | $ - | $ - |
| 6/1/2012 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 215,378.19 | | | | | $ - | $ 503,400.00 | $ - | $ (115,057.62) | $ - | $ - |
| 6/22/2012 | | | | City Tax Disbursed | 3/1/2007 | $ 215,378.19 | | | $ (608.08) | | $ - | $ 503,400.00 | $ - | $ (115,666.00) | $ - | $ - |
| 7/1/2012 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 218,683.42 | | | | | $ - | $ 503,400.00 | $ - | $ (115,666.00) | $ - | $ - |
| 8/1/2012 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 221,988.65 | | | | | $ - | $ 503,400.00 | $ - | $ (115,666.00) | $ - | $ - |
| 9/1/2012 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 225,293.88 | | | | | $ - | $ 503,400.00 | $ - | $ (115,666.00) | $ - | $ - |
| 9/13/2012 | | | | SCHOOL TAX DISBURSED | 3/1/2007 | $ 225,293.88 | | | $ (10,034.31) | | $ - | $ 503,400.00 | $ - | $ (125,700.31) | $ - | $ - |
| 10/1/2012 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 228,599.11 | | | | | $ - | $ 503,400.00 | $ - | $ (125,700.31) | $ - | $ - |
| 11/1/2012 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 231,904.34 | | | | | $ - | $ 503,400.00 | $ - | $ (125,700.31) | $ - | $ - |
| 12/1/2012 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 235,209.57 | | | | | $ - | $ 503,400.00 | $ - | $ (125,700.31) | $ - | $ - |
| 12/13/2012 | | | | Escrow Deposit | 3/1/2007 | $ 235,209.57 | | | $ 50,000.00 | | $ - | $ 503,400.00 | $ - | $ (75,700.31) | $ - | $ - |
| 1/1/2013 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 238,514.80 | | | | | $ - | $ 503,400.00 | $ - | $ (75,700.31) | $ - | $ - |
| 1/16/2013 | | | | City Tax Disbursed | 3/1/2007 | $ 238,514.80 | | | $ (5,012.39) | | $ - | $ 503,400.00 | $ - | $ (80,712.70) | $ - | $ - |
| 2/1/2013 | $ 3,305.24 | | | Delinquent P & I Payment due | 3/1/2007 | $ 241,820.04 | | | | | $ - | $ 503,400.00 | $ - | $ (80,712.70) | $ - | $ - |
| 3/1/2013 | $ 3,305.24 | | | Delinquent P & I Payment due | 3/1/2007 | $ 245,125.28 | | | | | $ - | $ 503,400.00 | $ - | $ (80,712.70) | $ - | $ - |
| 4/1/2013 | $ 3,305.24 | | | Delinquent P & I Payment due | 3/1/2007 | $ 248,430.52 | | | | | $ - | $ 503,400.00 | $ - | $ (80,712.70) | $ - | $ - |
| 5/1/2013 | $ 3,305.24 | | | Delinquent P & I Payment due | 3/1/2007 | $ 251,735.76 | | | | | $ - | $ 503,400.00 | $ - | $ (80,712.70) | $ - | $ - |
| 6/1/2013 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 255,041.00 | | | | | $ - | $ 503,400.00 | $ - | $ (80,712.70) | $ - | $ - |
| 6/13/2013 | | | | village tax Disbursed | 3/1/2007 | $ 255,041.00 | | | $ (2,490.80) | | $ - | $ 503,400.00 | $ - | $ (83,203.50) | $ - | $ - |
| 7/1/2013 | $ 3,305.24 | | | Delinquent P & I Payment due | 3/1/2007 | $ 258,346.24 | | | | | $ - | $ 503,400.00 | $ - | $ (83,203.50) | $ - | $ - |
| 8/1/2013 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 261,651.47 | | | | | $ - | $ 503,400.00 | $ - | $ (83,203.50) | $ - | $ - |
| 9/1/2013 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 264,956.70 | | | | | $ - | $ 503,400.00 | $ - | $ (83,203.50) | $ - | $ - |
| 9/20/2013 | | | | SCHOOL TAX DISBURSED | 3/1/2007 | $ 264,956.70 | | | $ (10,439.73) | | $ - | $ 503,400.00 | $ - | $ (93,643.23) | $ - | $ - |
| 10/1/2013 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 268,261.93 | | | | | $ - | $ 503,400.00 | $ - | $ (93,643.23) | $ - | $ - |
| 11/1/2013 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 271,567.16 | | | | | $ - | $ 503,400.00 | $ - | $ (93,643.23) | $ - | $ - |
| 12/1/2013 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 274,872.39 | | | | | $ - | $ 503,400.00 | $ - | $ (93,643.23) | $ - | $ - |
| 1/1/2014 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 278,177.62 | | | | | $ - | $ 503,400.00 | $ - | $ (93,643.23) | $ - | $ - |
| 1/15/2014 | | | | City Tax Disbursed | 3/1/2007 | $ 278,177.62 | | | $ (5,233.16) | | $ - | $ 503,400.00 | $ - | $ (98,876.39) | $ - | $ - |
| 1/23/2014 | | | | Escrow Disbursed | 3/1/2007 | $ 278,177.62 | | | $ (50,000.00) | | $ - | $ 503,400.00 | $ - | $ (148,876.39) | $ - | $ - |
| 2/1/2014 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 281,482.85 | | | | | $ - | $ 503,400.00 | $ - | $ (148,876.39) | $ - | $ - |
| 3/1/2014 | $ 3,305.23 | | | Delinquent P & I Payment due | 3/1/2007 | $ 284,788.08 | | | | | $ - | $ 503,400.00 | $ - | $ (148,876.39) | $ - | $ - |
| 3/1/2014 | $ 3,305.23 | $ - | $ - | Delinquent P&I payment due | 3/1/2007 | $ 288,093.31 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (148,876.39) | $ - | $ - |
| 4/4/2014 | $ - | $ - | $ 70,000.00 | OLD ESCROW DISB CLEARING AC | 3/1/2007 | $ 288,093.31 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (148,876.39) | $ 70,000.00 | $ - |
| 4/4/2014 | $ - | $ - | $ 8,876.39 | OLD ESCROW DISB CLEARING AC | 3/1/2007 | $ 288,093.31 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (78,876.39) | $ 78,876.39 | $ - |
| 4/9/2014 | $ - | $ - | $ 7,240.00 | Previous Servicer | 3/1/2007 | $ 288,093.31 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (148,876.39) | $ 86,116.39 | $ - |
| 4/9/2014 | $ - | $ - | $ 1,056.00 | Previous Servicer | 3/1/2007 | $ 288,093.31 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (148,876.39) | $ 87,172.39 | $ - |
| 4/9/2014 | $ - | $ - | $ (8,296.00) | Previous Servicer | 3/1/2007 | $ 288,093.31 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (148,876.39) | $ 78,876.39 | $ - |
| 4/9/2014 | $ - | $ - | $ 250.00 | Property Inspection | 3/1/2007 | $ 288,093.31 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (148,876.39) | $ 79,132.39 | $ - |
| 4/9/2014 | $ - | $ - | $ 800.00 | Foreclosure Fee | 3/1/2007 | $ 288,093.31 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (148,876.39) | $ 79,932.39 | $ - |
| 4/9/2014 | $ - | $ - | $ 50,000.00 | Previous Servicer | 3/1/2007 | $ 288,093.31 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (148,876.39) | $ 129,932.39 | $ - |
| 4/9/2014 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 288,093.31 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (148,876.39) | $ 129,947.39 | $ - |
| 4/9/2014 | $ - | $ - | $ 89.00 | BPO Costs | 3/1/2007 | $ 288,093.31 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (148,876.39) | $ 130,036.39 | $ - |
| 4/9/2014 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 288,093.31 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (148,876.39) | $ 130,051.39 | $ - |
| 4/9/2014 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 288,093.31 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (148,876.39) | $ 130,066.39 | $ - |
| 4/9/2014 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 288,093.31 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (148,876.39) | $ 130,081.39 | $ - |

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued Interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/9/2014 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 288,093.31 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ - | $ (148,876.39) | $ 130,006.39 | $ - |
| 4/9/2014 | $ - | $ - | $ (50,000.00) | Previous Servicer | 3/1/2007 | $ 288,093.31 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ - | $ (148,876.39) | $ 80,006.39 | $ - |
| 5/1/2014 | $ 3,305.23 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 291,398.54 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ - | $ (148,876.39) | $ 80,006.39 | $ - |
| 5/22/2014 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 291,398.54 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ - | $ (148,876.39) | $ 80,111.39 | $ - |
| 6/1/2014 | $ 3,305.23 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 294,703.77 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ - | $ (148,876.39) | $ 80,111.39 | $ - |
| 6/19/2014 | $ - | $ - | $ - | HAZARD INSURANCE DISBURSED | 3/1/2007 | $ 294,703.77 | $ - | $ - | $ (4,229.00) | $ - | $ - | $ 503,400.00 | $ - | $ (153,105.39) | $ 80,111.39 | $ - |
| 6/9/2014 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 294,703.77 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (153,105.39) | $ 80,126.39 | $ - |
| 7/1/2014 | $ 3,305.23 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 298,009.00 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (153,105.39) | $ 80,126.39 | $ - |
| 7/25/2014 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 298,009.00 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (153,105.39) | $ 80,141.39 | $ - |
| 7/25/2014 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 298,009.00 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (153,105.39) | $ 80,156.39 | $ - |
| 8/1/2014 | $ 3,305.24 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 301,314.24 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (153,105.39) | $ 80,156.39 | $ - |
| 8/20/2014 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 301,314.24 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (153,105.39) | $ 80,171.39 | $ - |
| 9/1/2014 | $ 3,305.24 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 304,619.48 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (153,105.39) | $ 80,171.39 | $ - |
| 9/15/2014 | $ - | $ - | $ 15.00 | SCHOOL TAX DISBURSED | 3/1/2007 | $ 304,619.48 | $ - | $ - | $ (10,226.31) | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 80,171.39 | $ - |
| 9/16/2014 | $ - | $ - | $ 16,063.37 | OLD ESCROW DISB CLEARING AC | 3/1/2007 | $ 304,619.48 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 96,234.76 | $ - |
| 9/30/2014 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 304,619.48 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 96,249.76 | $ - |
| 10/1/2014 | $ 3,305.24 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 307,924.72 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 96,249.76 | $ - |
| 10/17/2014 | $ - | $ - | $ 75.00 | Filing Costs | 3/1/2007 | $ 307,924.72 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 96,324.76 | $ - |
| 10/23/2014 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 307,924.72 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 96,339.76 | $ - |
| 11/1/2014 | $ 3,305.24 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 311,229.96 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 96,339.76 | $ - |
| 11/19/2014 | $ - | $ - | $ 95.00 | Filing Costs | 3/1/2007 | $ 311,229.96 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 96,434.76 | $ - |
| 12/1/2014 | $ 3,305.24 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 314,535.20 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 96,434.76 | $ - |
| 12/17/2014 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 314,535.20 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 96,449.76 | $ - |
| 12/17/2014 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 314,535.20 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 96,464.76 | $ - |
| 1/1/2015 | $ 3,305.24 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 317,840.44 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 96,464.76 | $ - |
| 1/6/2015 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 317,840.44 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 96,479.76 | $ - |
| 2/1/2015 | $ 3,305.24 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 321,145.68 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 96,479.76 | $ - |
| 2/4/2015 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 321,145.68 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 96,494.76 | $ - |
| 2/26/2015 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 321,145.68 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 96,509.76 | $ - |
| 3/1/2015 | $ 3,305.24 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 324,450.92 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 96,509.76 | $ - |
| 3/13/2015 | $ - | $ - | $ 1,750.00 | Foreclosure Fee | 3/1/2007 | $ 324,450.92 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 98,259.76 | $ - |
| 3/23/2015 | $ - | $ - | $ (30.00) | Property Inspection | 3/1/2007 | $ 324,450.92 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 98,229.76 | $ - |
| 3/27/2015 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 324,450.92 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 98,244.76 | $ - |
| 4/1/2015 | $ 3,305.24 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 327,756.16 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (163,331.70) | $ 98,244.76 | $ - |
| 4/9/2015 | $ - | $ - | $ - | HAZARD INSURANCE DISBURSED | 3/1/2007 | $ 327,756.16 | $ - | $ - | $ (3,249.00) | $ - | $ - | $ 503,400.00 | $ - | $ (166,580.70) | $ 98,244.76 | $ - |
| 4/17/2015 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 327,756.16 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (166,580.70) | $ 98,259.76 | $ - |
| 5/1/2015 | $ 3,305.24 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 331,061.40 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (166,580.70) | $ 98,259.76 | $ - |
| 5/11/2015 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 331,061.40 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (166,580.70) | $ 98,274.76 | $ - |
| 5/20/2015 | $ - | $ - | $ 350.00 | Foreclosure Fee | 3/1/2007 | $ 331,061.40 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (166,580.70) | $ 98,624.76 | $ - |
| 6/1/2015 | $ 3,305.24 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 334,366.64 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (166,580.70) | $ 98,624.76 | $ - |
| 6/3/2015 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 334,366.64 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (166,580.70) | $ 98,639.76 | $ - |
| 6/8/2015 | $ - | $ - | $ 45.00 | Filing Costs | 3/1/2007 | $ 334,366.64 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (166,580.70) | $ 98,684.76 | $ - |
| 6/8/2015 | $ - | $ - | $ 1,750.00 | Foreclosure Fee | 3/1/2007 | $ 334,366.64 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (166,580.70) | $ 100,434.76 | $ - |
| 6/17/2015 | $ - | $ - | $ - | VILLAGE DISBURSED | 3/1/2007 | $ 334,366.64 | $ - | $ - | $ (1,761.02) | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 100,434.76 | $ - |
| 6/26/2015 | $ - | $ - | $ 645.00 | Foreclosure Fee | 3/1/2007 | $ 334,366.64 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 101,079.76 | $ - |
| 7/1/2015 | $ - | $ - | $ 215.00 | Foreclosure Fee | 3/1/2007 | $ 334,366.64 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 101,294.76 | $ - |
| 7/1/2015 | $ 3,305.24 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 337,671.88 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 101,294.76 | $ - |
| 7/13/2015 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 337,671.88 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 101,309.76 | $ - |
| 7/16/2015 | $ - | $ - | $ 1,720.00 | Foreclosure Fee | 3/1/2007 | $ 337,671.88 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 103,029.76 | $ - |
| 7/17/2015 | $ - | $ - | $ 645.00 | Foreclosure Fee | 3/1/2007 | $ 337,671.88 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 103,674.76 | $ - |
| 7/27/2015 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 337,671.88 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 103,689.76 | $ - |
| 7/28/2015 | $ - | $ - | $ (15.00) | Property Inspection | 3/1/2007 | $ 337,671.88 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 103,674.76 | $ - |
| 7/29/2015 | $ - | $ - | $ 2,150.00 | Foreclosure Fee | 3/1/2007 | $ 337,671.88 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 105,824.76 | $ - |
| 8/1/2015 | $ 3,305.23 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 340,977.11 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 105,824.76 | $ - |
| 8/5/2015 | $ - | $ - | $ 1,200.00 | Foreclosure Fee | 3/1/2007 | $ 340,977.11 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 107,114.76 | $ - |
| 8/5/2015 | $ - | $ - | $ 250.00 | Filing Costs | 3/1/2007 | $ 340,977.11 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 107,364.76 | $ - |
| 8/5/2015 | $ - | $ - | $ 50.00 | Filing Costs | 3/1/2007 | $ 340,977.11 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 107,414.76 | $ - |
| 8/13/2015 | $ - | $ - | $ 190.00 | Foreclosure Fee | 3/1/2007 | $ 340,977.11 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 107,604.76 | $ - |

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/14/2015 | $ - | $ - | $ 430.00 | Foreclosure Fee | 3/1/2007 | $ 340,977.11 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 108,034.76 | $ - |
| 8/16/2015 | $ - | $ - | $ 2,150.00 | Foreclosure Fee | 3/1/2007 | $ 340,977.11 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 110,184.76 | $ - |
| 8/20/2015 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 340,977.11 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 110,199.76 | $ - |
| 8/24/2015 | $ - | $ - | $ 1,720.00 | Foreclosure Fee | 3/1/2007 | $ 340,977.11 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 111,919.76 | $ - |
| 9/1/2015 | $ 3,305.23 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 344,282.34 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 111,919.76 | $ - |
| 9/4/2015 | $ - | $ - | $ 50.00 | Filing Costs | 3/1/2007 | $ 344,282.34 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 111,969.76 | $ - |
| 9/17/2015 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 344,282.34 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (168,341.72) | $ 111,984.76 | $ - |
| 9/21/2015 | $ - | $ - | $ - | SCHOOL TAX DISBURSED | 3/1/2007 | $ 344,282.34 | $ - | $ - | $ - | $ (10,588.15) | $ - | $ 503,400.00 | $ - | $ (178,929.87) | $ 111,984.76 | $ - |
| 9/22/2015 | $ - | $ - | $ 20,757.01 | OLD ESCROW DISB CLEARING AC | 3/1/2007 | $ 344,282.34 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (178,929.87) | $ 132,741.77 | $ - |
| 10/1/2015 | $ 3,305.23 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 347,587.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (178,929.87) | $ 132,741.77 | $ - |
| 10/23/2015 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 347,587.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (178,929.87) | $ 132,756.77 | $ - |
| 11/1/2015 | $ 3,305.23 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 350,892.80 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (178,929.87) | $ 132,756.77 | $ - |
| 11/6/2015 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 350,892.80 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (178,929.87) | $ 132,771.77 | $ - |
| 11/16/2015 | $ - | $ - | $ - | TOWN TAX DISBURSED | 3/1/2007 | $ 350,892.80 | $ - | $ - | $ - | $ (5,158.84) | $ - | $ 503,400.00 | $ - | $ (184,088.71) | $ 132,771.77 | $ - |
| 11/27/2015 | $ - | $ - | $ 1,290.00 | Foreclosure Fee | 3/1/2007 | $ 350,892.80 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (184,088.71) | $ 134,061.77 | $ - |
| 12/1/2015 | $ 3,305.23 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 354,198.03 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (184,088.71) | $ 134,061.77 | $ - |
| 12/3/2015 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 354,198.03 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (184,088.71) | $ 134,076.77 | $ - |
| 1/1/2016 | $ 3,305.23 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 357,503.26 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (184,088.71) | $ 134,076.77 | $ - |
| 1/4/2016 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 357,503.26 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (184,088.71) | $ 134,091.77 | $ - |
| 1/19/2016 | $ - | $ - | $ - | TOWN TAX DISBURSED | 3/1/2007 | $ 357,503.26 | $ - | $ - | $ - | $ (4,681.05) | $ - | $ 503,400.00 | $ - | $ (188,769.76) | $ 134,091.77 | $ - |
| 1/29/2016 | $ - | $ - | $ 430.00 | Foreclosure Fee | 3/1/2007 | $ 357,503.26 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (188,769.76) | $ 134,521.77 | $ - |
| 2/1/2016 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 357,503.26 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (188,769.76) | $ 134,536.77 | $ - |
| 2/1/2016 | $ 3,305.24 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 360,808.50 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (188,769.76) | $ 134,536.77 | $ - |
| 2/22/2016 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 360,808.50 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (188,769.76) | $ 134,551.77 | $ - |
| 2/23/2016 | $ - | $ - | $ (15.00) | Property Inspection | 3/1/2007 | $ 360,808.50 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (188,769.76) | $ 134,536.77 | $ - |
| 3/1/2016 | $ 3,305.24 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 364,113.74 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (188,769.76) | $ 134,536.77 | $ - |
| 3/10/2016 | $ - | $ - | $ 75.00 | Filing Costs | 3/1/2007 | $ 364,113.74 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (188,769.76) | $ 134,611.77 | $ - |
| 3/10/2016 | $ - | $ - | $ 75.00 | Filing Costs | 3/1/2007 | $ 364,113.74 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (188,769.76) | $ 134,686.77 | $ - |
| 3/10/2016 | $ - | $ - | $ 50.00 | Filing Costs | 3/1/2007 | $ 364,113.74 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (188,769.76) | $ 134,736.77 | $ - |
| 3/17/2016 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 364,113.74 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (188,769.76) | $ 134,751.77 | $ - |
| 4/1/2016 | $ 3,305.24 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 367,418.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (188,769.76) | $ 134,751.77 | $ - |
| 4/7/2016 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 367,418.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (191,869.76) | $ 134,751.77 | $ - |
| 4/11/2016 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 367,418.98 | $ - | $ - | $ - | $ (3,100.00) | $ - | $ 503,400.00 | $ - | $ (191,869.76) | $ 134,766.77 | $ - |
| 5/1/2016 | $ 3,305.24 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 370,724.22 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (191,869.76) | $ 134,766.77 | $ - |
| 5/5/2016 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 370,724.22 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (191,869.76) | $ 134,781.77 | $ - |
| 6/1/2016 | $ 3,305.24 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 374,029.46 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (191,869.76) | $ 134,796.77 | $ - |
| 6/2/2016 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 374,029.46 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (191,869.76) | $ 134,796.77 | $ - |
| 6/28/2016 | $ - | $ - | $ - | VILLAGE DISBURSED | 3/1/2007 | $ 374,029.46 | $ - | $ - | $ - | $ (2,026.50) | $ - | $ 503,400.00 | $ - | $ (193,896.26) | $ 134,811.77 | $ - |
| 6/28/2016 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 374,029.46 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (193,896.26) | $ 134,811.77 | $ - |
| 6/29/2016 | $ - | $ - | $ (15.00) | Property Inspection | 3/1/2007 | $ 374,029.46 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (193,896.26) | $ 134,796.77 | $ - |
| 7/1/2016 | $ 3,305.24 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 377,334.70 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (193,896.26) | $ 134,796.77 | $ - |
| 7/21/2016 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 377,334.70 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (193,896.26) | $ 134,811.77 | $ - |
| 8/1/2016 | $ 3,349.83 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 380,684.53 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (193,896.26) | $ 134,811.77 | $ - |
| 8/18/2016 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 380,684.53 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (193,896.26) | $ 134,826.77 | $ - |
| 8/22/2016 | $ - | $ - | $ 1,720.00 | Foreclosure Fee | 3/1/2007 | $ 380,684.53 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (193,896.26) | $ 136,546.77 | $ - |
| 9/1/2016 | $ 3,349.83 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 384,034.36 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (193,896.26) | $ 136,546.77 | $ - |
| 9/6/2016 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 384,034.36 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (193,896.26) | $ 136,561.77 | $ - |
| 9/21/2016 | $ - | $ - | $ - | SCHOOL TAX DISBURSED | 3/1/2007 | $ 384,034.36 | $ - | $ - | $ - | $ (10,462.81) | $ - | $ 503,400.00 | $ - | $ (204,359.07) | $ 136,561.77 | $ - |
| 9/21/2016 | $ - | $ - | $ 20,379.36 | OLD ESCROW DISB CLEARING AC | 3/1/2007 | $ 384,034.36 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (204,359.07) | $ 156,832.13 | $ - |
| 10/1/2016 | $ 3,349.83 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 387,384.19 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (204,359.07) | $ 156,832.13 | $ - |
| 10/11/2016 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 387,384.19 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (204,359.07) | $ 156,847.13 | $ - |
| 11/1/2016 | $ 3,349.83 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 390,734.02 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (204,359.07) | $ 156,847.13 | $ - |
| 11/9/2016 | $ - | $ - | $ (15.00) | Property Inspection | 3/1/2007 | $ 390,734.02 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (204,359.07) | $ 156,832.13 | $ - |
| 12/1/2016 | $ 3,349.83 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 394,083.85 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (204,359.07) | $ 156,832.13 | $ - |
| 1/1/2017 | $ 3,349.83 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 397,433.68 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (204,359.07) | $ 156,832.13 | $ - |
| 1/18/2017 | $ - | $ - | $ - | TOWN TAX DISBURSED | 3/1/2007 | $ 397,433.68 | $ - | $ - | $ - | $ (4,478.59) | $ - | $ 503,400.00 | $ - | $ (208,837.46) | $ 156,832.13 | $ - |
| 2/1/2017 | $ 3,412.77 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 400,846.45 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (208,837.46) | $ 156,832.13 | $ - |
| 3/1/2017 | $ 3,412.77 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 404,259.22 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (208,837.46) | $ 156,832.13 | $ - |

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/1/2017 | $ 3,412.77 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 407,671.99 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (208,837.48) | $ 156,832.13 | $ - |
| 4/11/2017 | $ - | $ - | $ - | HAZARD INSURANCE DISBURSED | 3/1/2007 | $ 407,671.99 | $ - | $ - | $ (2,579.00) | $ - | $ - | $ 503,400.00 | $ - | $ (211,516.48) | $ 156,832.13 | $ - |
| 5/1/2017 | $ 3,412.77 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 411,084.76 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (211,516.48) | $ 156,832.13 | $ - |
| 5/30/2017 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 411,084.76 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (211,516.48) | $ 156,847.13 | $ - |
| 6/1/2017 | $ 3,412.77 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 414,497.53 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (211,516.48) | $ 156,847.13 | $ - |
| 6/13/2017 | $ - | $ - | $ - | VILLAGE DISBURSED | 3/1/2007 | $ 414,497.53 | $ - | $ - | $ (1,893.23) | $ - | $ - | $ 503,400.00 | $ - | $ (213,409.71) | $ 156,847.13 | $ - |
| 7/1/2017 | $ 3,412.77 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 417,910.30 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (213,409.71) | $ 156,847.13 | $ - |
| 8/1/2017 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 417,910.30 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (213,409.71) | $ 156,862.13 | $ - |
| 8/1/2017 | $ 3,443.80 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 421,354.10 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (213,409.71) | $ 156,862.13 | $ - |
| 9/1/2017 | $ 3,443.80 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 424,797.90 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (213,409.71) | $ 156,862.13 | $ - |
| 9/19/2017 | $ - | $ - | $ - | SCHOOL TAX DISBURSED | 3/1/2007 | $ 424,797.90 | $ - | $ - | $ (10,594.11) | $ - | $ - | $ 503,400.00 | $ - | $ (224,403.82) | $ 156,862.13 | $ - |
| 9/26/2017 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 424,797.90 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (224,403.82) | $ 156,877.13 | $ - |
| 10/1/2017 | $ 3,443.80 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 428,241.70 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (224,403.82) | $ 156,877.13 | $ - |
| 10/30/2017 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 428,241.70 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (224,403.82) | $ 156,892.13 | $ - |
| 11/1/2017 | $ 3,443.80 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 431,685.50 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (224,403.82) | $ 156,892.13 | $ - |
| 11/28/2017 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 431,685.50 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (224,403.82) | $ 156,907.13 | $ - |
| 12/1/2017 | $ 3,443.80 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 435,129.30 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (224,403.82) | $ 156,907.13 | $ - |
| 12/28/2017 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 435,129.30 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (224,403.82) | $ 156,922.13 | $ - |
| 1/1/2018 | $ 3,443.80 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 438,573.10 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (224,403.82) | $ 156,922.13 | $ - |
| 1/22/2018 | $ - | $ - | $ - | TOWN TAX DISBURSED | 3/1/2007 | $ 438,573.10 | $ - | $ - | $ (4,273.37) | $ - | $ - | $ 503,400.00 | $ - | $ (228,677.19) | $ 156,922.13 | $ - |
| 1/29/2018 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 438,573.10 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (228,677.19) | $ 156,937.13 | $ - |
| 2/1/2018 | $ 3,504.97 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 442,078.07 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (228,677.19) | $ 156,937.13 | $ - |
| 2/23/2018 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 442,078.07 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (228,677.19) | $ 156,952.13 | $ - |
| 3/1/2018 | $ 3,504.97 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 445,583.04 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (228,677.19) | $ 156,952.13 | $ - |
| 3/20/2018 | $ - | $ - | $ (99,999.99) | OLD ESCROW DISB CLEARING AC | 3/1/2007 | $ 445,583.04 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (228,677.19) | $ 56,952.14 | $ - |
| 3/20/2018 | $ - | $ - | $ (35,967.14) | OLD ESCROW DISB CLEARING AC | 3/1/2007 | $ 445,583.04 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (228,677.19) | $ 20,985.00 | $ - |
| 3/23/2018 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 445,583.04 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (228,677.19) | $ 21,000.00 | $ - |
| 3/26/2018 | $ - | $ - | $ 45.00 | Filing Costs | 3/1/2007 | $ 445,583.04 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (228,677.19) | $ 21,045.00 | $ - |
| 3/26/2018 | $ - | $ - | $ 35.00 | Filing Costs | 3/1/2007 | $ 445,583.04 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (228,677.19) | $ 21,080.00 | $ - |
| 3/26/2018 | $ - | $ - | $ 31.54 | Certified Mail | 3/1/2007 | $ 445,583.04 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (228,677.19) | $ 21,111.54 | $ - |
| 3/26/2018 | $ - | $ - | $ 2,590.00 | Foreclosure Fee | 3/1/2007 | $ 445,583.04 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (228,677.19) | $ 23,701.54 | $ - |
| 4/1/2018 | $ 3,504.97 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 449,088.01 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (228,677.19) | $ 23,701.54 | $ - |
| 4/10/2018 | $ - | $ - | $ - | HAZARD INSURANCE DISBURSED | 3/1/2007 | $ 449,088.01 | $ - | $ - | $ (2,452.00) | $ - | $ - | $ 503,400.00 | $ - | $ (231,129.19) | $ 23,701.54 | $ - |
| 4/12/2018 | $ - | $ - | $ 50.00 | Filing Costs | 3/1/2007 | $ 449,088.01 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (231,129.19) | $ 23,751.54 | $ - |
| 4/12/2018 | $ - | $ - | $ 3.92 | Certified Mail | 3/1/2007 | $ 449,088.01 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (231,129.19) | $ 23,755.36 | $ - |
| 4/25/2018 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 449,088.01 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (231,129.19) | $ 23,770.36 | $ - |
| 5/1/2018 | $ 3,504.97 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 452,592.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (231,129.19) | $ 23,770.36 | $ - |
| 5/15/2018 | $ - | $ - | $ 495.00 | Foreclosure Fee | 3/1/2007 | $ 452,592.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (231,129.19) | $ 24,265.36 | $ - |
| 5/18/2018 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 452,592.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (231,129.19) | $ 24,280.36 | $ - |
| 5/23/2018 | $ - | $ - | $ 860.00 | Foreclosure Fee | 3/1/2007 | $ 452,592.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (231,129.19) | $ 25,140.36 | $ - |
| 5/23/2018 | $ - | $ - | $ 215.00 | Foreclosure Fee | 3/1/2007 | $ 452,592.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (231,129.19) | $ 25,355.36 | $ - |
| 5/23/2018 | $ - | $ - | $ 215.00 | Foreclosure Fee | 3/1/2007 | $ 452,592.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (231,129.19) | $ 25,570.36 | $ - |
| 5/23/2018 | $ - | $ - | $ 322.50 | Foreclosure Fee | 3/1/2007 | $ 452,592.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (231,129.19) | $ 25,892.86 | $ - |
| 6/1/2018 | $ 3,504.97 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 456,097.95 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (231,129.19) | $ 25,892.86 | $ - |
| 6/8/2018 | $ - | $ - | $ - | VILLAGE DISBURSED | 3/1/2007 | $ 456,097.95 | $ - | $ - | $ (1,838.26) | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 25,892.86 | $ - |
| 6/14/2018 | $ - | $ - | $ 215.00 | Foreclosure Fee | 3/1/2007 | $ 456,097.95 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 26,107.86 | $ - |
| 6/14/2018 | $ - | $ - | $ 215.00 | Foreclosure Fee | 3/1/2007 | $ 456,097.95 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 26,322.86 | $ - |
| 6/14/2018 | $ - | $ - | $ 215.00 | Foreclosure Fee | 3/1/2007 | $ 456,097.95 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 26,537.86 | $ - |
| 6/14/2018 | $ - | $ - | $ 215.00 | Foreclosure Fee | 3/1/2007 | $ 456,097.95 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 26,752.86 | $ - |
| 6/14/2018 | $ - | $ - | $ 860.00 | Foreclosure Fee | 3/1/2007 | $ 456,097.95 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 27,612.86 | $ - |
| 6/18/2018 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 456,097.95 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 27,627.86 | $ - |
| 7/1/2018 | $ 3,504.97 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 459,602.92 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 27,627.86 | $ - |
| 7/2/2018 | $ - | $ - | $ 79.00 | Filing Costs | 3/1/2007 | $ 459,602.92 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 27,697.86 | $ - |
| 7/2/2018 | $ - | $ - | $ 100.00 | Filing Costs | 3/1/2007 | $ 459,602.92 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 27,797.86 | $ - |
| 7/16/2018 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 459,602.92 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 27,812.86 | $ - |
| 8/1/2018 | $ 3,718.53 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 463,321.45 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 27,812.86 | $ - |
| 8/16/2018 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 463,321.45 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 27,827.86 | $ - |
| 8/30/2018 | $ - | $ - | $ 100.00 | Filing Costs | 3/1/2007 | $ 463,321.45 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 27,927.86 | $ - |

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/30/2018 | $ - | $ - | $ 20.00 | Filing Costs | 3/1/2007 | $ 463,321.45 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 27,947.86 | $ - |
| 8/30/2018 | $ - | $ - | $ 70.00 | Filing Costs | 3/1/2007 | $ 463,321.45 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 28,017.86 | $ - |
| 8/30/2018 | $ - | $ - | $ 250.00 | Sheriff Costs | 3/1/2007 | $ 463,321.45 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 28,267.86 | $ - |
| 8/30/2018 | $ - | $ - | $ 70.00 | Filing Costs | 3/1/2007 | $ 463,321.45 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 28,337.86 | $ - |
| 9/1/2018 | $ 3,718.53 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 467,039.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 28,337.86 | $ - |
| 9/5/2018 | $ - | $ - | $ 215.00 | Foreclosure Fee | 3/1/2007 | $ 467,039.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 28,552.86 | $ - |
| 9/5/2018 | $ - | $ - | $ 215.00 | Foreclosure Fee | 3/1/2007 | $ 467,039.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 28,767.86 | $ - |
| 9/5/2018 | $ - | $ - | $ 860.00 | Foreclosure Fee | 3/1/2007 | $ 467,039.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 29,627.86 | $ - |
| 9/17/2018 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 467,039.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (232,967.45) | $ 29,642.86 | $ - |
| 9/19/2018 | $ - | $ - | $ - | SCHOOL TAX DISBURSED | 3/1/2007 | $ 467,039.98 | $ - | $ - | $ (11,545.78) | $ - | $ - | $ 503,400.00 | $ - | $ (244,513.20) | $ 29,642.86 | $ - |
| 10/1/2018 | $ 3,718.53 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 470,758.51 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (244,513.20) | $ 29,642.86 | $ - |
| 10/22/2018 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 470,758.51 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (244,513.20) | $ 29,657.86 | $ - |
| 10/23/2018 | $ - | $ - | $ 107.50 | Foreclosure Fee | 3/1/2007 | $ 470,758.51 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (244,513.20) | $ 29,765.36 | $ - |
| 11/1/2018 | $ 3,718.53 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 474,477.04 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (244,513.20) | $ 29,765.36 | $ - |
| 11/12/2018 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 474,477.04 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (244,513.20) | $ 29,780.36 | $ - |
| 11/23/2018 | $ - | $ - | $ 161.25 | Foreclosure Fee | 3/1/2007 | $ 474,477.04 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (244,513.20) | $ 29,941.61 | $ - |
| 11/23/2018 | $ - | $ - | $ 107.50 | Foreclosure Fee | 3/1/2007 | $ 474,477.04 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (244,513.20) | $ 30,049.11 | $ - |
| 11/23/2018 | $ - | $ - | $ 107.50 | Foreclosure Fee | 3/1/2007 | $ 474,477.04 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (244,513.20) | $ 30,156.61 | $ - |
| 12/1/2018 | $ 3,718.53 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 478,195.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (244,513.20) | $ 30,156.61 | $ - |
| 12/14/2018 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 478,195.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (244,513.20) | $ 30,171.61 | $ - |
| 12/17/2018 | $ - | $ - | $ 860.00 | Foreclosure Fee | 3/1/2007 | $ 478,195.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (244,513.20) | $ 31,031.61 | $ - |
| 12/17/2018 | $ - | $ - | $ 322.50 | Foreclosure Fee | 3/1/2007 | $ 478,195.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (244,513.20) | $ 31,354.11 | $ - |
| 12/17/2018 | $ - | $ - | $ 215.00 | Foreclosure Fee | 3/1/2007 | $ 478,195.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (244,513.20) | $ 31,569.11 | $ - |
| 12/12/2018 | $ - | $ - | $ 107.50 | Foreclosure Fee | 3/1/2007 | $ 478,195.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (244,513.20) | $ 31,676.61 | $ - |
| 1/1/2019 | $ 3,718.53 | $ - | $ - | TOWN TAX DISBURSED | 3/1/2007 | $ 481,914.10 | $ - | $ - | $ (4,390.78) | $ - | $ - | $ 503,400.00 | $ - | $ (244,513.20) | $ 31,676.61 | $ - |
| 1/10/2019 | $ - | $ - | $ - | TOWN TAX DISBURSED | 3/1/2007 | $ 481,914.10 | $ - | $ - | $ (4,390.78) | $ - | $ - | $ 503,400.00 | $ - | $ (248,903.98) | $ 31,676.61 | $ - |
| 1/11/2019 | $ - | $ - | $ 20.00 | Filing Costs | 3/1/2007 | $ 481,914.10 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (248,903.98) | $ 31,696.61 | $ - |
| 1/11/2019 | $ - | $ - | $ 70.00 | Filing Costs | 3/1/2007 | $ 481,914.10 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (248,903.98) | $ 31,766.61 | $ - |
| 1/11/2019 | $ - | $ - | $ 20.00 | Filing Costs | 3/1/2007 | $ 481,914.10 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (248,903.98) | $ 31,786.61 | $ - |
| 1/11/2019 | $ - | $ - | $ 50.00 | Filing Costs | 3/1/2007 | $ 481,914.10 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (248,903.98) | $ 31,836.61 | $ - |
| 1/11/2019 | $ - | $ - | $ 495.00 | Foreclosure Fee | 3/1/2007 | $ 481,914.10 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (248,903.98) | $ 32,331.61 | $ - |
| 1/11/2019 | $ - | $ - | $ 215.00 | Foreclosure Fee | 3/1/2007 | $ 481,914.10 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (248,903.98) | $ 32,546.61 | $ - |
| 1/11/2019 | $ - | $ - | $ 53.75 | Foreclosure Fee | 3/1/2007 | $ 481,914.10 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (248,903.98) | $ 32,600.36 | $ - |
| 1/11/2019 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 481,914.10 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (248,903.98) | $ 32,615.36 | $ - |
| 2/1/2019 | $ 3,809.95 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 485,724.05 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (248,903.98) | $ 32,615.36 | $ - |
| 3/1/2019 | $ 3,809.95 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 489,534.00 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (248,903.98) | $ 32,615.36 | $ - |
| 3/22/2019 | $ - | $ - | $ 70.00 | Filing Costs | 3/1/2007 | $ 489,534.00 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (248,903.98) | $ 32,685.36 | $ - |
| 4/1/2019 | $ 3,809.95 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 493,343.95 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (248,903.98) | $ 32,685.36 | $ - |
| 4/9/2019 | $ - | $ - | $ - | HAZARD INSURANCE DISBURSED | 3/1/2007 | $ 493,343.95 | $ - | $ - | $ (2,446.00) | $ - | $ - | $ 503,400.00 | $ - | $ (251,349.98) | $ 32,685.36 | $ - |
| 5/1/2019 | $ 3,809.95 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 497,153.90 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (251,349.98) | $ 32,685.36 | $ - |
| 5/15/2019 | $ - | $ - | $ 107.50 | Foreclosure Fee | 3/1/2007 | $ 497,153.90 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (251,349.98) | $ 32,792.86 | $ - |
| 6/1/2019 | $ 3,809.95 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 500,963.85 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (251,349.98) | $ 32,792.86 | $ - |
| 6/7/2019 | $ - | $ - | $ 460.00 | Title Examination | 3/1/2007 | $ 500,963.85 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (251,349.98) | $ 33,252.86 | $ - |
| 6/10/2019 | $ - | $ - | $ - | HAZARD SFR DISBURSED | 3/1/2007 | $ 500,963.85 | $ - | $ - | $ (1,608.06) | $ - | $ - | $ 503,400.00 | $ - | $ (252,958.04) | $ 33,252.86 | $ - |
| 6/14/2019 | $ - | $ - | $ - | VILLAGE DISBURSED | 3/1/2007 | $ 500,963.85 | $ - | $ - | $ (1,789.86) | $ - | $ - | $ 503,400.00 | $ - | $ (254,747.90) | $ 33,252.86 | $ - |
| 7/1/2019 | $ 3,809.95 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 504,773.80 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (254,747.90) | $ 33,252.86 | $ - |
| 8/1/2019 | $ 3,720.57 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 508,494.37 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (254,747.90) | $ 33,252.86 | $ - |
| 9/1/2019 | $ 3,720.57 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 512,214.94 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (254,747.90) | $ 33,252.86 | $ - |
| 9/3/2019 | $ - | $ - | $ - | SCHOOL TAX DISBURSED | 3/1/2007 | $ 512,214.94 | $ - | $ - | $ (11,897.66) | $ - | $ - | $ 503,400.00 | $ - | $ (266,645.56) | $ 33,252.86 | $ - |
| 9/27/2019 | $ - | $ - | $ - | HAZARD INSURANCE DISBURSED | 3/1/2007 | $ 512,214.94 | $ - | $ - | $ (1,072.00) | $ - | $ - | $ 503,400.00 | $ - | $ (267,717.56) | $ 33,252.86 | $ - |
| 10/3/2019 | $ - | $ - | $ - | HAZARD INSURANCE DEPOSIT | 3/1/2007 | $ 512,214.94 | $ - | $ - | $ 1,250.00 | $ - | $ - | $ 503,400.00 | $ - | $ (266,467.56) | $ 33,252.86 | $ - |
| 10/1/2019 | $ 3,720.57 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 515,935.51 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (266,467.56) | $ 33,252.86 | $ - |
| 11/1/2019 | $ 3,720.57 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 519,656.08 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (266,467.56) | $ 33,252.86 | $ - |
| 12/1/2019 | $ 3,720.57 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 523,376.65 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (266,467.56) | $ 33,252.86 | $ - |
| 12/26/2019 | $ - | $ - | $ 140.32 | Publication | 3/1/2007 | $ 523,376.65 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (266,467.56) | $ 33,402.18 | $ - |
| 1/1/2020 | $ 3,720.57 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 527,097.22 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (266,467.56) | $ 33,402.18 | $ - |
| 1/14/2020 | $ - | $ - | $ 250.00 | Filing Costs | 3/1/2007 | $ 527,097.22 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (266,467.56) | $ 33,652.18 | $ - |
| 1/14/2020 | $ - | $ - | $ 247.50 | Foreclosure Fee | 3/1/2007 | $ 527,097.22 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (266,467.56) | $ 33,899.68 | $ - |

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/15/2020 | $ - | $ - | $ - | TOWN TAX DISBURSED | 3/1/2007 | $ 527,097.22 | $ - | $ - | $ (4,356.53) | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 33,899.68 | $ - |
| 2/1/2020 | $ 3,577.45 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 530,674.67 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 33,899.68 | $ - |
| 3/1/2020 | $ 3,577.45 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 534,252.12 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 33,899.68 | $ - |
| 3/17/2020 | $ - | $ - | $ 450.00 | MFR Fees | 3/1/2007 | $ 534,252.12 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 34,349.68 | $ - |
| 3/20/2020 | $ - | $ - | $ 500.00 | POC Fees | 3/1/2007 | $ 534,252.12 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 34,849.68 | $ - |
| 4/1/2020 | $ 3,577.45 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 537,829.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 34,849.68 | $ - |
| 4/21/2020 | $ - | $ - | $ 21.50 | Foreclosure Fee | 3/1/2007 | $ 537,829.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 34,871.18 | $ - |
| 4/21/2020 | $ - | $ - | $ 645.00 | Foreclosure Fee | 3/1/2007 | $ 537,829.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 35,516.18 | $ - |
| 4/21/2020 | $ - | $ - | $ 322.50 | Foreclosure Fee | 3/1/2007 | $ 537,829.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 35,838.68 | $ - |
| 4/21/2020 | $ - | $ - | $ 215.00 | Foreclosure Fee | 3/1/2007 | $ 537,829.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 36,053.68 | $ - |
| 4/21/2020 | $ - | $ - | $ 215.00 | Foreclosure Fee | 3/1/2007 | $ 537,829.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 36,268.68 | $ - |
| 4/21/2020 | $ - | $ - | $ 645.00 | Foreclosure Fee | 3/1/2007 | $ 537,829.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 36,913.68 | $ - |
| 4/21/2020 | $ - | $ - | $ 86.00 | Foreclosure Fee | 3/1/2007 | $ 537,829.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 36,999.68 | $ - |
| 4/21/2020 | $ - | $ - | $ 21.50 | Foreclosure Fee | 3/1/2007 | $ 537,829.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 37,021.18 | $ - |
| 4/21/2020 | $ - | $ - | $ 64.50 | Foreclosure Fee | 3/1/2007 | $ 537,829.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 37,085.68 | $ - |
| 4/21/2020 | $ - | $ - | $ 21.50 | Foreclosure Fee | 3/1/2007 | $ 537,829.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 37,107.18 | $ - |
| 4/21/2020 | $ - | $ - | $ 64.50 | Foreclosure Fee | 3/1/2007 | $ 537,829.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 37,171.68 | $ - |
| 4/21/2020 | $ - | $ - | $ 21.50 | Foreclosure Fee | 3/1/2007 | $ 537,829.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 37,193.18 | $ - |
| 4/21/2020 | $ - | $ - | $ 86.00 | Foreclosure Fee | 3/1/2007 | $ 537,829.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 37,279.18 | $ - |
| 4/21/2020 | $ - | $ - | $ 21.50 | Foreclosure Fee | 3/1/2007 | $ 537,829.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 37,300.68 | $ - |
| 4/21/2020 | $ - | $ - | $ 64.50 | Foreclosure Fee | 3/1/2007 | $ 537,829.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 37,365.18 | $ - |
| 4/21/2020 | $ - | $ - | $ 43.00 | Foreclosure Fee | 3/1/2007 | $ 537,829.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 37,408.18 | $ - |
| 4/21/2020 | $ - | $ - | $ 86.00 | Foreclosure Fee | 3/1/2007 | $ 537,829.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 37,494.18 | $ - |
| 4/21/2020 | $ - | $ - | $ 86.00 | Foreclosure Fee | 3/1/2007 | $ 537,829.57 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 37,580.18 | $ - |
| 5/1/2020 | $ 3,577.45 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 541,407.02 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 37,580.18 | $ - |
| 6/1/2020 | $ 3,577.45 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 544,984.47 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 37,580.18 | $ - |
| 6/12/2020 | $ - | $ - | $ 550.00 | Objection Costs | 3/1/2007 | $ 544,984.47 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (270,824.09) | $ 38,130.18 | $ - |
| 6/15/2020 | $ - | $ - | $ - | VILLAGE DISBURSED | 3/1/2007 | $ 544,984.47 | $ - | $ - | $ (2,013.43) | $ - | $ - | $ 503,400.00 | $ - | $ (272,837.52) | $ 38,130.18 | $ - |
| 7/1/2020 | $ 3,577.45 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 548,561.92 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (272,837.52) | $ 38,130.18 | $ - |
| 7/6/2020 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 548,561.92 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (272,837.52) | $ 38,145.18 | $ - |
| 7/29/2020 | $ - | $ - | $ (200.00) | MFR Fees | 3/1/2007 | $ 548,561.92 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (272,837.52) | $ 37,945.18 | $ - |
| 7/29/2020 | $ - | $ - | $ (200.00) | POC Fees | 3/1/2007 | $ 548,561.92 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (272,837.52) | $ 37,745.18 | $ - |
| 8/1/2020 | $ 3,360.19 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 551,922.11 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (272,837.52) | $ 37,745.18 | $ - |
| 8/3/2020 | $ - | $ - | $ (15.00) | Property Inspection | 3/1/2007 | $ 551,922.11 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (272,837.52) | $ 37,730.18 | $ - |
| 9/1/2020 | $ 3,360.19 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 555,282.30 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (272,837.52) | $ 37,730.18 | $ - |
| 9/16/2020 | $ - | $ - | $ - | SCHOOL TAX DISBURSED | 3/1/2007 | $ 555,282.30 | $ - | $ - | $ (12,017.18) | $ - | $ - | $ 503,400.00 | $ - | $ (284,854.70) | $ 37,730.18 | $ - |
| 9/23/2020 | $ - | $ - | $ - | HAZARD INSURANCE DISBURSED | 3/1/2007 | $ 555,282.30 | $ - | $ - | $ (1,111.02) | $ - | $ - | $ 503,400.00 | $ - | $ (285,965.70) | $ 37,730.18 | $ - |
| 9/23/2020 | $ - | $ - | $ 261.25 | Foreclosure Fee | 3/1/2007 | $ 555,282.30 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (285,965.70) | $ 37,991.43 | $ - |
| 10/1/2020 | $ 3,360.19 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 558,642.49 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (285,965.70) | $ 37,991.43 | $ - |
| 11/1/2020 | $ 3,360.19 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 562,002.68 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (285,965.70) | $ 37,991.43 | $ - |
| 12/1/2020 | $ 3,360.19 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 565,362.87 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (285,965.70) | $ 37,991.43 | $ - |
| 12/23/2020 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 565,362.87 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (285,965.70) | $ 38,006.43 | $ - |
| 1/1/2021 | $ 3,360.19 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 568,723.06 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (285,965.70) | $ 38,006.43 | $ - |
| 1/15/2021 | $ - | $ - | $ - | TOWN TAX DISBURSED | 3/1/2007 | $ 568,723.06 | $ - | $ - | $ (4,489.86) | $ - | $ - | $ 503,400.00 | $ - | $ (290,455.56) | $ 38,006.43 | $ - |
| 1/20/2021 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 568,723.06 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (290,455.56) | $ 38,021.43 | $ - |
| 2/1/2021 | $ 3,349.81 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 572,072.87 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (290,455.56) | $ 38,021.43 | $ - |
| 2/17/2021 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 572,072.87 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (290,455.56) | $ 38,036.43 | $ - |
| 2/25/2021 | $ - | $ - | $ 129.00 | Foreclosure Fee | 3/1/2007 | $ 572,072.87 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (290,455.56) | $ 38,165.43 | $ - |
| 2/25/2021 | $ - | $ - | $ 645.00 | Foreclosure Fee | 3/1/2007 | $ 572,072.87 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (290,455.56) | $ 38,810.43 | $ - |
| 2/25/2021 | $ - | $ - | $ 43.00 | Foreclosure Fee | 3/1/2007 | $ 572,072.87 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (290,455.56) | $ 38,853.43 | $ - |
| 3/1/2021 | $ 3,349.81 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 575,422.68 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (290,455.56) | $ 38,853.43 | $ - |
| 3/22/2021 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 575,422.68 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (290,455.56) | $ 38,868.43 | $ - |
| 4/1/2021 | $ 3,349.81 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 578,772.49 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (290,455.56) | $ 38,868.43 | $ - |
| 4/20/2021 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 578,772.49 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (290,455.56) | $ 38,883.43 | $ - |
| 5/1/2021 | $ 3,349.81 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 582,122.30 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (290,455.56) | $ 38,883.43 | $ - |
| 5/19/2021 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 582,122.30 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (290,455.56) | $ 38,898.43 | $ - |
| 6/1/2021 | $ 3,349.81 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 585,472.11 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (290,455.56) | $ 38,898.43 | $ - |
| 6/14/2021 | $ - | $ - | $ 215.00 | Foreclosure Fee | 3/1/2007 | $ 585,472.11 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (290,455.56) | $ 39,113.43 | $ - |

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/16/2021 | $ - | $ - | $ - | VILLAGE DISBURSED | 3/1/2007 | $ 585,472.11 | $ - | $ - | $ (1,824.46) | $ - | $ - | $ 503,400.00 | $ - | $ (292,280.02) | $ 39,113.43 | $ - |
| 7/1/2021 | $ 3,349.81 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 588,821.92 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (292,280.02) | $ 39,113.43 | $ - |
| 7/20/2021 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 588,821.92 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (292,280.02) | $ 39,128.43 | $ - |
| 8/1/2021 | $ 3,349.81 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 592,171.73 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (292,280.02) | $ 39,128.43 | $ - |
| 9/1/2021 | $ 3,349.81 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 595,521.54 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (292,280.02) | $ 39,128.43 | $ - |
| 9/3/2021 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 595,521.54 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (292,280.02) | $ 39,143.43 | $ - |
| 9/10/2021 | $ - | $ - | $ - | HAZARD INSURANCE DISBURSED | 3/1/2007 | $ 595,521.54 | $ - | $ - | $ (1,245.00) | $ - | $ - | $ 503,400.00 | $ - | $ (293,525.02) | $ 39,143.43 | $ - |
| 9/20/2021 | $ - | $ - | $ - | SCHOOL TAX DISBURSED | 3/1/2007 | $ 595,521.54 | $ - | $ - | $ (11,708.72) | $ - | $ - | $ 503,400.00 | $ - | $ (305,233.74) | $ 39,143.43 | $ - |
| 9/27/2021 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 595,521.54 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (305,233.74) | $ 39,158.43 | $ - |
| 9/28/2021 | $ - | $ - | $ (15.00) | Property Inspection | 3/1/2007 | $ 595,521.54 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (305,233.74) | $ 39,143.43 | $ - |
| 9/30/2021 | $ - | $ - | $ 53.75 | Foreclosure Fee | 3/1/2007 | $ 595,521.54 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (305,233.74) | $ 39,197.18 | $ - |
| 9/30/2021 | $ - | $ - | $ 21.50 | Foreclosure Fee | 3/1/2007 | $ 595,521.54 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (305,233.74) | $ 39,218.68 | $ - |
| 9/30/2021 | $ - | $ - | $ 107.50 | Foreclosure Fee | 3/1/2007 | $ 595,521.54 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (305,233.74) | $ 39,326.18 | $ - |
| 10/1/2021 | $ 3,349.81 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 598,871.35 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (305,233.74) | $ 39,326.18 | $ - |
| 11/1/2021 | $ 3,349.81 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 602,221.16 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (305,233.74) | $ 39,326.18 | $ - |
| 11/2/2021 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 602,221.16 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (305,233.74) | $ 39,341.18 | $ - |
| 11/5/2021 | $ - | $ - | $ 50.00 | Foreclosure Fee | 3/1/2007 | $ 602,221.16 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (305,233.74) | $ 39,391.18 | $ - |
| 11/17/2021 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 602,221.16 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (305,233.74) | $ 39,406.18 | $ - |
| 11/18/2021 | $ - | $ - | $ (15.00) | Property Inspection | 3/1/2007 | $ 602,221.16 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (305,233.74) | $ 39,391.18 | $ - |
| 12/1/2021 | $ 3,349.81 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 605,570.97 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (305,233.74) | $ 39,391.18 | $ - |
| 12/22/2021 | $ - | $ - | $ 107.50 | Foreclosure Fee | 3/1/2007 | $ 605,570.97 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (305,233.74) | $ 39,498.68 | $ - |
| 1/1/2022 | $ 3,349.81 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 608,920.78 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (305,233.74) | $ 39,498.68 | $ - |
| 1/18/2022 | $ - | $ - | $ - | TOWN TAX DISBURSED | 3/1/2007 | $ 608,920.78 | $ - | $ - | $ (4,387.41) | $ - | $ - | $ 503,400.00 | $ - | $ (309,621.15) | $ 39,498.68 | $ - |
| 2/1/2022 | $ 3,349.81 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 612,270.59 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (309,621.15) | $ 39,498.68 | $ - |
| 2/3/2022 | $ - | $ - | $ 84.50 | Foreclosure Fee | 3/1/2007 | $ 612,270.59 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (309,621.15) | $ 39,583.18 | $ - |
| 3/1/2022 | $ 3,349.81 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 615,620.40 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (309,621.15) | $ 39,583.18 | $ - |
| 3/29/2022 | $ - | $ - | $ 16.94 | Certified Mail | 3/1/2007 | $ 615,620.40 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (309,621.15) | $ 39,600.12 | $ - |
| 3/29/2022 | $ - | $ - | $ 5.30 | Certified Mail | 3/1/2007 | $ 615,620.40 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (309,621.15) | $ 39,605.42 | $ - |
| 3/29/2022 | $ - | $ - | $ 75.00 | Foreclosure Fee | 3/1/2007 | $ 615,620.40 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (309,621.15) | $ 39,680.42 | $ - |
| 4/1/2022 | $ 3,349.81 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 618,970.21 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (309,621.15) | $ 39,680.42 | $ - |
| 4/8/2022 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 618,970.21 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (309,621.15) | $ 39,675.42 | $ - |
| 5/1/2022 | $ 3,349.81 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 622,320.02 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (309,621.15) | $ 39,675.42 | $ - |
| 5/2/2022 | $ - | $ - | $ 15.00 | Property Inspection | 3/1/2007 | $ 622,320.02 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (309,621.15) | $ 39,690.42 | $ - |
| 6/1/2022 | $ 3,349.81 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 625,669.83 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (309,621.15) | $ 39,690.42 | $ - |
| 6/2/2022 | $ - | $ - | $ 250.00 | Foreclosure Fee | 3/1/2007 | $ 625,669.83 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (309,621.15) | $ 39,940.42 | $ - |
| 6/9/2022 | $ - | $ - | $ 20.00 | Property Inspection | 3/1/2007 | $ 625,669.83 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (309,621.15) | $ 39,960.42 | $ - |
| 6/16/2022 | $ - | $ - | $ - | VILLAGE DISBURSED | 3/1/2007 | $ 625,669.83 | $ - | $ - | $ (2,468.83) | $ - | $ - | $ 503,400.00 | $ - | $ (312,089.98) | $ 39,960.42 | $ - |
| 7/1/2022 | $ 3,349.81 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 629,019.64 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (312,089.98) | $ 39,960.42 | $ - |
| 7/7/2022 | $ - | $ - | $ 20.00 | Property Inspection | 3/1/2007 | $ 629,019.64 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (312,089.98) | $ 39,980.42 | $ - |
| 8/1/2022 | $ 3,542.09 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 632,561.73 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (312,089.98) | $ 39,980.42 | $ - |
| 8/4/2022 | $ - | $ - | $ 20.00 | Property Inspection | 3/1/2007 | $ 632,561.73 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (312,089.98) | $ 40,000.42 | $ - |
| 9/1/2022 | $ - | $ - | $ 20.00 | Property Inspection | 3/1/2007 | $ 632,561.73 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (312,089.98) | $ 40,020.42 | $ - |
| 9/1/2022 | $ 3,542.09 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 636,103.82 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (312,089.98) | $ 40,020.42 | $ - |
| 9/12/2022 | $ - | $ - | $ - | HAZARD INSURANCE DISBURSED | 3/1/2007 | $ 636,103.82 | $ - | $ - | $ (1,296.00) | $ - | $ - | $ 503,400.00 | $ - | $ (313,385.98) | $ 40,020.42 | $ - |
| 9/14/2022 | $ - | $ - | $ - | SCHOOL TAX DISBURSED | 3/1/2007 | $ 636,103.82 | $ - | $ - | $ (11,821.46) | $ - | $ - | $ 503,400.00 | $ - | $ (325,207.44) | $ 40,020.42 | $ - |
| 9/30/2022 | $ - | $ - | $ 20.00 | Property Inspection | 3/1/2007 | $ 636,103.82 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (325,207.44) | $ 40,040.42 | $ - |
| 10/1/2022 | $ 3,542.09 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 639,645.91 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (325,207.44) | $ 40,040.42 | $ - |
| 10/3/2022 | $ - | $ - | $ (20.00) | Property Inspection | 3/1/2007 | $ 639,645.91 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (325,207.44) | $ 40,020.42 | $ - |
| 11/1/2022 | $ - | $ - | $ 325.00 | Foreclosure Fee | 3/1/2007 | $ 639,645.91 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (325,207.44) | $ 40,345.42 | $ - |
| 11/1/2022 | $ 3,542.09 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 643,188.00 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (325,207.44) | $ 40,345.42 | $ - |
| 11/20/2022 | $ - | $ - | $ 20.00 | Property Inspection | 3/1/2007 | $ 643,188.00 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (325,207.44) | $ 40,365.42 | $ - |
| 11/30/2022 | $ - | $ - | $ 20.00 | Property Inspection | 3/1/2007 | $ 643,188.00 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (325,207.44) | $ 40,365.42 | $ - |
| 12/1/2022 | $ - | $ - | $ (20.00) | Property Inspection | 3/1/2007 | $ 643,188.00 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (325,207.44) | $ 40,345.42 | $ - |
| 12/1/2022 | $ 3,542.09 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 646,730.09 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (325,207.44) | $ 40,345.42 | $ - |
| 12/29/2022 | $ - | $ - | $ 20.00 | Property Inspection | 3/1/2007 | $ 646,730.09 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (325,207.44) | $ 40,365.42 | $ - |
| 1/1/2023 | $ 3,542.09 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 650,272.18 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 40,365.42 | $ - |
| 1/18/2023 | $ - | $ - | $ - | TOWN TAX DISBURSED | 3/1/2007 | $ 650,272.18 | $ - | $ - | $ (4,319.89) | $ - | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 40,365.42 | $ - |
| 2/1/2023 | $ 3,733.99 | $ - | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 654,006.08 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 40,365.42 | $ - |

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/2/2023 | $ - | $ - | $ 20.00 | Property Inspection | 3/1/2007 | $ 654,006.08 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 40,405.42 | $ - |
| 2/23/2023 | $ - | $ - | $ 403.75 | Foreclosure Fee | 3/1/2007 | $ 654,006.08 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 40,809.17 | $ - |
| 3/1/2023 | $ - | $ 3,733.90 | $ - | Delinquent P&I payment Due | 3/1/2007 | $ 657,739.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 40,809.17 | $ - |
| 3/2/2023 | $ - | $ - | $ 20.00 | Property Inspection | 3/1/2007 | $ 657,739.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 40,829.17 | $ - |
| 3/29/2023 | $ - | $ - | $ 30.00 | Property Inspection | 3/1/2007 | $ 657,739.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 40,859.17 | $ - |
| 3/30/2023 | $ - | $ - | $ (30.00) | Property Inspection_Nullity | 3/1/2007 | $ 657,739.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 40,829.17 | $ - |
| 3/30/2023 | $ - | $ - | $ 250.00 | Filing Costs_05/13/2023 | 3/1/2007 | $ 657,739.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 41,079.17 | $ - |
| 3/30/2023 | $ - | $ - | $ 64.50 | Foreclosure Fee_03/24/2023 | 3/1/2007 | $ 657,739.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 41,143.67 | $ - |
| 3/30/2023 | $ - | $ - | $ 107.50 | Foreclosure Fee_03/29/2023 | 3/1/2007 | $ 657,739.98 | $ - | $ - | $ - | $ - | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 41,251.17 | $ - |
| 3/30/2023 | | | $ 1,050.00 | Foreclosure Fee_03/17/2023 | 3/1/2007 | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,301.17 | $ - |
| 3/30/2023 | | | $ 150.00 | Foreclosure Fee_03/08/2023 | 3/1/2007 | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,451.17 | $ - |
| 3/30/2023 | | | $ 150.00 | Foreclosure Fee_03/17/2023 | 3/1/2007 | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,601.17 | $ - |
| 3/30/2023 | | | $ 300.00 | Foreclosure Fee_03/17/2023 | 3/1/2007 | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |
| | | | | | | $ 657,739.98 | | | | | $ - | $ 503,400.00 | $ - | $ (329,527.33) | $ 42,901.17 | $ - |

Loan Number:    Servicing Number:    Date:

### ADJUSTABLE RATE NOTE
### (LIBOR Index - Rate Caps)

**ORIGINAL**

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

117  BRIGADOON BOULEVARD,  HIGHLAND MILLS, NY 10930-
[Property Address]

**1.    BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S.    $503,400.00    (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is
Option One Mortgage Corporation, a California Corporation
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.    INTEREST**

Interest will be charged on unpaid principal until the full amount of principal has been paid. Interest will be calculated on the basis of a 12-month year and a 30-day month. I will pay interest at a yearly rate of    6.200%    . The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3.    PAYMENTS  *** INTEREST ONLY NOTE ADDENDUM ATTACHED HERETO AND MADE PART HEREOF*****

(A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on    August 01    , 2005    . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on,    July 01    , 2035    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at    Option One Mortgage Corporation
P.O. BOX 92103 LOS ANGELES, CA 90009-2103
or at a different place if required by the Note Holder.

(B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S.    $2,600.90    . This amount may change.

(C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

(D) Application of Payments

Payments received by the Note Holder will be applied in the following order: (i) prepayment charges due under this Note; (ii) amounts payable under paragraph 2 of the Security Instrument (defined below); (iii) interest due under this Note; (iv) principal due under this Note; and (v) late charges due under this Note.

**4.    INTEREST RATE AND MONTHLY PAYMENT CHANGES  ***INTEREST ONLY NOTE ADDENDUM ATTACHED HERETO AND MADE PART HEREOF*****

(A) Change Dates

The interest rate I will pay may change on the first day of    July    , 2007    , and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding    FIVE AND 30/100    percentage point(s) (  5.300%    ) to the Current Index. The Note Holder will then round the result of this addition to the next higher one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than   9.200%   or less than   6.200%  . Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.0%) from the rate of interest I have been paying for the preceding six months. In no event will my interest rate be greater than   12.200%   or less than   6.200%  .

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5.    BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due, together with accrued interest. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

**PREPAYMENT CHARGE NOTE ADDENDUM ATTACHED HERETO AND MADE A PART HEREOF**

**6.    LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**7.    BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of   15   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   2.000%   of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all interest that I owe on that amount, together with any other charges that I owe under this Note or the Security Instrument, except as otherwise required by applicable law.

**(C) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8.    GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9.    OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

NYNT6022.wp (12-01-04)



## 10.    WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11.    SECURED NOTE

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
EMANUEL   ARCHIBALD                 -Borrower                                      -Borrower


_____ (Seal)          _____ (Seal)
YVONNE   MOODY                      -Borrower                                      -Borrower


_____ (Seal)          _____ (Seal)
                                    -Borrower                                      -Borrower


[Sign Original Only]



Date: 06/16/05

# ALLONGE TO NOTE
## (INVESTOR)

This allonge makes reference to the following Note:

Borrowers: EMANUEL ARCHIBALD and YVONNE MOODY
Loan #:
Property Address: 117 BRIGADOON BOULEVARD, HIGHLAND MILLS, NY 10930-
Loan Amount: $503,400.00

Note Date: 06/16/05

Therefore, in reference to the captioned note, the following applies:

Pay to the order of:

Without Recourse

Option One Mortgage Corporation
A California Corporation

By: _____
    Scott Geller
    Assistant Secretary

USD3050.wp (03-14-03)

# ADDENDUM TO NOTE
# FOR THE INTEREST ONLY PAYMENT PERIOD

**THIS ADDENDUM TO NOTE PROVIDES FOR AN INITIAL PERIOD OF MONTHLY PAYMENTS OF INTEREST ONLY AND FOR SUBSEQUENT MONTHLY PAYMENTS OF BOTH PRINCIPAL AND INTEREST.**

THIS ADDENDUM TO NOTE FOR THE INTEREST ONLY PAYMENT PERIOD is made this    16    day of    June    ,    2005    and is incorporated into and shall be deemed to amend and supplement the Adjustable Rate Note of the same date (the "Note") and any Addenda to the Note given by the undersigned (the "Borrower") to evidence Borrower's indebtedness to    Option One Mortgage Corporation, a California Corporation    (the "Lender"). which indebtedness is secured by a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), of the same date and covering the property described in the Security Instrument and located at:

117  BRIGADOON BOULEVARD,  HIGHLAND MILLS, NY 10930-

ADDITIONAL COVENANTS: Unless specifically defined in this Addendum, any capitalized terms shall have the same meaning as in the Note. Notwithstanding anything to the contrary set forth in the Note, Addenda to the Note or Security Instrument, Borrower and Lender further covenant and agree as follows:

I. Sections 3 and 4 of the Note are modified to provide for sixty (60) monthly payments of interest only ("Interest Only Period") at the interest rates determined in accordance with Sections 2 and 4 of the Note. Sections 3 and 4 of the Note are modified as follows:

### 1. PAYMENTS
**(A) Time and Place of Payments**

I will pay interest during the Interest Only Period, and principal and interest thereafter during the Amortization Period, by making a payment every month.

Interest Only Period - The "Interest Only Period" is the period from the date of this Note through the 60th Monthly Payment

Amortization Period - The "Amortization Period" is the period after the Interest Only Period and continuing until the Maturity Date.

I will make my monthly payments on the first day of each month beginning on    August 01, 2005   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before principal. If, on    July 01, 2035    I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make monthly payments at    Option One Mortgage Corporation
Department 7821, Los Angeles, CA  90084-7821
or at a different place if required by the Note Holder.

**(B) Amount of My Interest Only Payments**

The first  Twenty Four (24)   monthly payments will be in the full amount of U.S. $    2,600.90   which equals one twelfth (1/12th) of the amount of yearly interest due on the principal at the initial rate. The next Thirty Six (36) monthly payments will equal one twelfth (1/12th) of the amount of yearly interest due on the unpaid principal balance, at the time of change, at the rate determined in accordance with Section 4 of the Note. These payments are called the "Interest Only Payments."

No payments of principal are due during the Interest Only Period. The Interest Only Payments will not reduce the principal amount of this Note. Additional payments of principal may be made in accordance with Section 5 of this Note.

*Interest Only Payment Period Addendum – ARM*
Page 1 of 3                                                                                              USD5251.wp (02-24-05)

**(C) Monthly Payment Changes**

During the Interest Only period, changes in my monthly payment will reflect changes in the interest rate that I must pay. During the Amortization Period, changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

## 2. INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The interest rate I will pay may change on the first day of    July 01, 2007                and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average on interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding    FIVE AND 30/100 percentage point(s) (  5.300%  ) to the Current Index. The Note Holder will then round the result of this addition to the next higher one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

For the Interest Only Period, after calculating my new interest rate as provided above, the Note Holder will then calculate the amount of the monthly payment to be one-twelfth (1/12th) of one (1) year's interest at the new interest rate. The result of this calculation will be the new amount of my monthly payment until the next Interest Rate Change Date.

During the Amortization Period, after calculating my new interest rate as provided above, the Note Holder will then calculate the amount of the monthly payment that would be sufficient to fully repay the remaining unpaid principal in equal monthly payments by the Maturity Date, assuming, for purposes of each calculation, that the interest rate remained unchanged during that period. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than  9.200%        or less than  6.200%        . Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than   One        percentage point(s) (   1.0%            ) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than  12.200%      nor less than   6.200%       .

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any changes. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.



II. All other provisions of the Note and any Addenda are unchanged by this Addendum to Note for Interest Only Payments and remain in full force and effect.

I understand that for the Interest Only Period I will not be reducing the principal balance. After 5 years if I only made my minimum payment, my principal balance will not be reduced.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and conditions contained in the Interest Only Payment Period Addendum.

_Emanuel Archibald_ _____ (Seal)
EMANUEL ARCHIBALD                -Borrower

_____ (Seal)
                                 -Borrower

_Yvonne Moody_ _____ (Seal)
YVONNE MOODY                     -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

*Interest Only Payment Period Addendum - ARM*
Page 3 of 3

USD5251.wp (02-24-05)





| Loan Number: ███ | Servicing Number: ███ | Date: 06/16/05 |

## PREPAYMENT CHARGE NOTE ADDENDUM

For value received, the undersigned (the "Borrower") agree(s) that the following provisions shall be incorporated into and shall be deemed to amend and supplement the Note made by Borrower in favor of

(the "Lender"), and dated as of even date herewith (the "Note"). To the extent that the provisions of this Prepayment Charge Note Addendum (the "Addendum") are inconsistent with the provision of the Note, the provisions of this Addendum shall prevail over and shall supersede any such inconsistent provisions of the Note.

Section 5 of the Note is amended to read in its entirety as follows:

5.    **Borrower's Right to Prepay**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes.

If within 12 months from the date of execution of the Security Instrument I make a full prepayment or, in certain cases, a partial prepayment, I will at the same time pay to the Note Holder a prepayment charge if authorized by state or federal law. The prepayment charge will be equal to six (6) months advance interest on the amount of any prepayment that, when added to all other amounts prepaid during the twelve (12) month period immediately preceding the date of the prepayment, exceeds twenty percent (20%) of the original principal amount of this Note.


_EMANUEL ARCHIBALD_                 Borrower          _____  Borrower


_YVONNE MOODY_                        Borrower          _____  Borrower


_____  Borrower          _____  Borrower


(Sign Original Only)


NEW YORK PREPAYMENT CHARGE NOTE ADDENDUM - Adjustable Rate Note
Page 1 of 1                                                                      NYP1021.wp (12-01-04)

## ORANGE COUNTY CLERK'S OFFICE RECORDING PAGE
### THIS PAGE IS PART OF THE INSTRUMENT – DO NOT REMOVE

TYPE IN BLACK INK:
NAME(S) OF PARTY(S) TO DOCUMENT

EMANUEL ARCHIBALD and
YVONNE MOODY

TO

OPTION ONE MORTGAGE CORPORATION

SECTION **50** BLOCK **1** LOT **77**

RECORD AND RETURN TO:
(name and address)

ROCKWEST ABSTRACT LTD
301 NORTH MAIN STREET
NEW CITY, NEW YORK 10956
(800) 834-2445 TOLL FREE

*THIS IS PAGE ONE OF THE RECORDING*

ATTACH THIS SHEET TO THE FIRST PAGE OF EACH
RECORDED INSTRUMENT ONLY
### DO NOT WRITE BELOW THIS LINE

INSTRUMENT TYPE: DEED___ MORTGAGE _✓_ SATISFACTION___ ASSIGNMENT___ OTHER_____

### PROPERTY LOCATION

| | | |
|---|---|---|
| __ 2089 BLOOMING GROVE (TN) | __ 4289 MONTGOMERY (TN) | NO PAGES _14_ CROSS REF. _____ |
| __ 2001   WASHINGTONVILLE (VLG) | __ 4201   MAYBROOK (VLG) | CERT.COPY____ ADD'L X-REF._____ |
| __ 2289 CHESTER (TN) | __ 4203   MONTGOMERY (VLG) | MAP#_____ PGS._____ |
| __ 2201   CHESTER (VLG) | __ 4205   WALDEN (VLG) | |
| __ 2489 CORNWALL (TN) | __ 4489 MOUNT HOPE (TN) | PAYMENT TYPE:  CHECK _✓_ |
| __ 2401   CORNWALL (VLG) | __ 4401   OTISVILLE (VLG) | CASH_____ |
| __ 2600 CRAWFORD (TN) | __ 4600 NEWBURGH (TN) | CHARGE_____ |
| __ 2800 DEERPARK (TN) | __ 4800 NEW WINDSOR (TN) | NO FEE_____ |
| __ 3089 GOSHEN (TN) | __ 5089 TUXEDO (TN) | Taxable |
| __ 3001   GOSHEN (VLG) | __ 5001   TUXEDO PARK (VLG) | CONSIDERATION $_____ |
| __ 3003   FLORIDA (VLG) | __ 5200 WALLKILL (TN) | TAX EXEMPT _____ |
| __ 3005   CHESTER (VLG) | __ 5489 WARWICK (TN) | Taxable |
| __ 3200 GREENVILLE (TN) | __ 5401   FLORIDA (VLG) | MORTGAGE AMT. $ _503,400.00_ |
| __ 3489 HAMPTONBURGH (TN) | __ 5403   GREENWOOD LAKE (VLG) | |
| __ 3401   MAYBROOK (VLG) | __ 5405   WARWICK (VLG) | |
| __ 3689 HIGHLANDS (TN) | __ 5600 WAWAYANDA (TN) | MORTGAGE TAX TYPE: |
| __ 3601   HIGHLAND FALLS (VLG) | _✓_ 5889 WOODBURY (TN) | ___ (A) COMMERCIAL/FULL 1% |
| __ 3889 MINISINK (TN) | __ 5801   HARRIMAN (VLG) | _✓_ (B) 1 OR 2 FAMILY |
| __ 3801   UNIONVILLE (VLG) | | ___ (C) UNDER $10,000 |
| __ 4089 MONROE (TN) | **CITIES** | ___ (E) EXEMPT |
| __ 4001   MONROE (VLG) | __ 0900   MIDDLETOWN | ___ (F) 3 TO 6 UNITS |
| __ 4003   HARRIMAN (VLG) | __ 1100   NEWBURGH | ___ (I) NAT.PERSON/CR. UNION |
| __ 4005   KIRYAS JOEL (VLG) | __ 1300   PORT JERVIS | ___ (J) NAT.PER-CR.UN/1 OR 2 |
| | | ___ (K) CONDO |
| | __ 9999   HOLD | |

DONNA L. BENSON
ORANGE COUNTY CLERK

RECEIVED FROM: *Rockwest Abstract Ltd.*

RECORDED/FILED
06/27/2005/  09:13:35
County Clerk
DONNA L. BENSON
ORANGE COUNTY, NY

FILE # 20050070971
MORT/BK 11881 PG 1707
SER# CW007790 MTAX 5,255.70
BASIC 2,517.00
MTA  1,480.20
SPECIAL 0.00
SPECIAL ASST  1,258.50
RECORDING FEES 67.00
Receipt#440651 alicev

WHEN RECORDED MAIL TO:

OPTION ONE MORTGAGE CORP.
P.O. BOX 57096
IRVINE, CA 92619-7096

ATTN: RECORDS MANAGEMENT

Loan Number:
Servicing Numb

ROCKWEST ABSTRACT
301 North Main Street
New City, NY 10956
(800) 834-2445

[Space Above This Line For Recording Data]

## MORTGAGE

[X] THE PREMISES ARE IMPROVED OR ARE TO BE IMPROVED BY A ONE OR TWO FAMILY RESIDENCE OR DWELLING ONLY.

[ ] THE PREMISES ARE IMPROVED OR ARE TO BE IMPROVED WITH A STRUCTURE CONTAINING SIX RESIDENTIAL UNITS OR LESS, EACH DWELLING UNIT HAVING ITS OWN COOKING FACILITIES.

**WORDS USED OFTEN IN THIS DOCUMENT**
(A) "Security Instrument." This document, which is dated     June 16, 2005                  , will be called the "Security Instrument."
(B) "Borrower."    EMANUEL ARCHIBALD  AND YVONNE MOODY,

*Residing at 117 Brigadoon Blvd, Highland Mills, NY 10930*

sometimes will be called "Borrower" and sometimes simply "I" or "me."
(C) "Lender."
                    Option One Mortgage Corporation, a California Corporation
will be called "Lender." Lender is a corporation or association which exists under the laws of    CALIFORNIA
                        . Lender's address is
                    3 Ada, Irvine, CA  92618
(D) "Note." The note signed by Borrower and dated     June 16, 2005               , will be called the "Note."
The Note shows that I owe Lender  FIVE HUNDRED THREE THOUSAND FOUR HUNDRED
    . . .AND NO/100THs        Dollars (U.S. $503,400.00       ) plus interest.
I have promised to pay this debt in monthly payments and to pay the debt in full by    July 01, 2035
(E) "Property." The property that is described below in the section titled "Description of the Property," will be called the "Property."
(F) "Sums Secured." The amounts described below in the section titled "Borrower's Transfer to Lender of Rights in the Property" sometimes will be called the "Sums Secured."

**BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY**
I mortgage, grant and convey the Property to Lender subject to the terms of this Security Instrument. This means that, by signing this Security Instrument, I am giving Lender those rights that are stated in this Security Instrument and also those rights that the law gives to lenders who hold mortgages on real property. I am giving Lender these rights to protect Lender from possible losses that might result if I fail to:
(A) Pay all the amounts that I owe Lender as stated in the Note;
(B) Pay, with interest, any amounts that Lender spends under Paragraphs 2 and 7 of this Security Instrument to protect the value of the Property and Lender's rights in the Property; and
(C) Keep all of my other promises and agreements under this Security Instrument.

**DESCRIPTION OF THE PROPERTY**
I give Lender rights in the Property described in (A) through (G) below:
(A) The Property which is located at          117  BRIGADOON BOULEVARD
                                                                [Street]
         HIGHLAND MILLS           , New York         10930-           . This Property is in
                 [City]                                  [Zip Code]
                                      Orange                     County. It has the following legal description:
SEC 50 / BLK 1 / LOT 77

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART THEREOF.



NYD10011 (09/22/00)

(B) All buildings and other improvements that are located on the Property described in subparagraph (A) of this section;
(C) All rights in other property that I have as owner of the Property described in subparagraph (A) of this section. These rights are known as "easements and appurtenances attached to the Property";
(D) All rights that I have in the land which lies in the streets or roads in front of, or next to, the Property described in subparagraph (A) of this section;
(E) All fixtures that are now or in the future will be on the Property described in subparagraphs (A) and (B) of this section;
(F) All of the rights and property described in subparagraphs (B) through (E) of this section that I acquire in the future; and
(G) All replacements of or additions to the Property described in subparagraphs (B) through (F) of this section.

### BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY

I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property, except for those which are of public record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

### PLAIN LANGUAGE SECURITY INSTRUMENT

This Security Instrument contains promises and agreements that are used in real property security instruments all over the country. It also contains other promises and agreements that vary, to a limited extent, in different parts of the country. My promises and agreements are stated in "plain language."

COVENANTS

I promise and I agree with Lender as follows:

### 1. BORROWER'S PROMISE TO PAY

I will pay to Lender on time principal and interest due under the Note and any prepayment and late charges due under the Note.

### 2. MONTHLY PAYMENTS FOR TAXES AND INSURANCE
#### (A) Borrower's Obligations

I will pay to Lender all amounts necessary to pay for taxes, assessments, water frontage charges and other similar charges, sewer rents, leasehold payments or ground rents (if any), hazard or property insurance covering the Property, and flood insurance (if any). If Lender required mortgage insurance as a condition of making the loan that I promise to pay under the Note, (i) I also will pay to Lender all amounts necessary to pay for mortgage insurance, and (ii) if, under Paragraph 8 below, instead of paying for mortgage insurance I am required to pay Lender an amount equal to the cost of mortgage insurance, I will pay this amount to Lender. I will pay all of these amounts to Lender unless Lender tells me, in writing, that I do not have to do so, or unless the law requires otherwise. I will make these payments on the same day that my monthly payments of principal and interest are due under the Note.

My payments under this Paragraph 2 will be for the items listed in (i) through (vi) below, which are called "Escrow Items":
(i) The estimated yearly taxes, assessments, water frontage charges and other similar charges, and sewer rents on the Property which under the law may be superior to this Security Instrument as a lien on the Property. Any claim, demand or charge that is made against property because an obligation has not been fulfilled is known as a "lien";
(ii) The estimated yearly leasehold payments or ground rents on the Property (if any);
(iii) The estimated yearly premium for hazard or property insurance covering the Property;
(iv) The estimated yearly premium for flood insurance covering the Property (if any);
(v) The estimated yearly premium for mortgage insurance (if any); and
(vi) The estimated yearly amount I may be required to pay Lender under Paragraph 8 below instead of the payment of the estimated yearly premium for mortgage insurance (if any).

Lender will estimate from time to time the amount I will have to pay for Escrow Items by using existing assessments and bills and reasonable estimates of the amount I will have to pay for Escrow Items in the future, unless the law requires Lender to use another method for determining the amount I am to pay. The amounts that I pay to Lender for Escrow Items under this Paragraph 2 will be called the "Funds." The Funds are pledged as additional security for all Sums Secured.

The law puts limits on the total amount of Funds Lender can at any time collect and hold. This total amount cannot be more than the maximum amount a lender for a "federally related mortgage loan" could require me to place in an "escrow account" under the federal law called the "Real Estate Settlement Procedures Act of 1974," as that law may be amended from time to time. If there is another law that imposes a lower limit on the total amount of Funds Lender can collect and hold, Lender will be limited to the lower amount.

#### (B) Lender's Obligations

Lender will keep the Funds in a savings or banking institution which has its deposits insured by a federal agency, instrumentality, or entity, or in any Federal Home Loan Bank. If Lender is such a savings or banking institution, Lender may hold the Funds. Except as described in this Paragraph 2, Lender will use the Funds to pay the Escrow Items. Lender will give to me, without charge, an annual accounting of the Funds. That accounting must show all additions to and deductions from the Funds and the reason for each deduction.

Lender may not charge me for holding or keeping the Funds, for using the Funds to pay Escrow Items, for making a yearly analysis of my payment of Funds or for receiving, verifying and totaling assessments and bills. However, Lender may charge me for these

services if Lender pays me interest on the Funds and if the law permits Lender to make such a charge. Lender also may require me to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with my loan, unless the law does not permit Lender to make such a charge. Lender will not be required to pay me any interest or earnings on the Funds unless either (i) Lender and I agree in writing, at the time I sign this Security Instrument, that Lender will pay interest on the Funds; or (ii) the law requires Lender to pay interest on the Funds.

### (C) Adjustments to the Funds
Under the law, there is a limit on the amount of Funds Lender may hold. If the amount of Funds held by Lender exceeds this limit, then the law requires Lender to account to me in a special manner for the excess amount of Funds. There will be an excess amount if, at any time, the amount of Funds which Lender is holding or keeping is greater than the amount of Funds Lender is allowed to hold under the law.

If, at any time, Lender has not received enough Funds to make the payments of Escrow Items when the payments are due, Lender may tell me in writing that an additional amount is necessary. I will pay to Lender whatever additional amount is necessary to pay the Escrow Items in full. Lender will determine the number of monthly payments I have in which to pay that additional amount, but the number of payments will not be more than twelve.

When I have paid all of the Sums Secured, Lender will promptly refund to me any Funds that are then being held by Lender. If, under Paragraph 21 below, Lender either acquires or sells the Property, then before the acquisition or sale, Lender will use any Funds which Lender is holding at the time of the acquisition or sale to reduce the Sums Secured.

### 3. APPLICATION OF BORROWER'S PAYMENTS
Unless the law requires otherwise, Lender will apply each of my payments under the Note and under Paragraphs 1 and 2 above in the following order and for the following purposes: First, to pay any prepayment charges due under the Note; Next, to pay the amounts due to Lender under Paragraph 2 above; Next, to pay interest due; Next, to pay principal due; and Last, to pay any late charges due under the Note.

### 4. BORROWER'S OBLIGATION TO PAY CHARGES, ASSESSMENTS AND CLAIMS
I will pay all taxes, assessments, water frontage charges and other similar charges, sewer rents, and any other charges and fines that may be imposed on the Property and that may be superior to this Security Instrument. I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property. I will do this either by making the payments to Lender that are described in Paragraph 2 above or, if I am not required to make payments under Paragraph 2, by making the payments on time to the person owed them. (In this Security Instrument, the word "person" means any person, organization, governmental authority or other party.) If I make direct payments, then promptly after making any of those payments I will give Lender a receipt which shows that I have done so. If I make payment to Lender under Paragraph 2, I will give Lender all notices or bills that I receive for the amounts due under this Paragraph 4.

I will promptly pay or satisfy all liens against the Property that may be superior to this Security Instrument. However, this Security Instrument does not require me to satisfy a superior lien if: (A) I agree, in writing, to pay the obligation which gave rise to the superior lien and Lender approves the way in which I agree to pay that obligation; or (B) in good faith, I argue or defend against the superior lien in a lawsuit so that, during the lawsuit, the superior lien may not be enforced; or (C) I secure from the holder of that other lien an agreement, approved in writing by Lender, that the lien of this Security Instrument is superior to the lien held by that person. If Lender determines that any part of the Property is subject to a superior lien, Lender may give Borrower a notice identifying the superior lien. Borrower shall pay or satisfy the superior lien or take one or more of the actions set forth above within 10 days of the giving of notice.

### 5. BORROWER'S OBLIGATION TO MAINTAIN HAZARD INSURANCE OR PROPERTY INSURANCE
I will obtain hazard or property insurance to cover all buildings and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies and other hazards for which Lender requires coverage, including floods and flooding. The insurance must be in the amounts and for the periods of time required by Lender. I may choose the insurance company, but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. If I do not maintain the insurance coverage described above, Lender may obtain insurance coverage to protect Lender's rights in the Property in accordance with Paragraph 7 below.

All of the insurance policies and renewals of those policies must include what is known as a "standard mortgage clause" to protect Lender. The form of all policies and renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals. If Lender requires, I will promptly give Lender all receipts of paid premiums and renewal notices that I receive.

If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

The amount paid by the insurance company is called "proceeds." The proceeds will be used to repair or to restore the damaged Property unless: (A) it is not economically feasible to make the repairs or restoration; or (B) the use of the proceeds for that purpose would lessen the protection given to Lender by this Security Instrument; or (C) Lender and I have agreed in writing not to use the proceeds for that purpose. If the repair or restoration is not economically feasible or if it would lessen Lender's protection under this Security Instrument, then the proceeds will be used to reduce the amount that I owe to Lender under the Note and under this Security Instrument. If any of the proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me.

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim, Lender may collect the proceeds. Lender may use the proceeds to repair or restore the Property or to pay the Sums Secured. The 30-day period will begin when the notice is given.

NYD10013 (09/22/00)

If any proceeds are used to reduce the amount of principal which I owe to Lender under the Note, that use will not delay the due date or change the amount of any of my monthly payments under the Note and under Paragraphs 1 and 2 above. However, Lender and I may agree in writing to those delays or changes.

If Lender acquires the Property under Paragraph 21 below, all of my rights in the insurance policies will belong to Lender. Also, all of my rights in any proceeds which are paid because of damage that occurred before the Property is acquired by Lender or sold will belong to Lender. However, Lender's rights in those proceeds will not be greater than the Sums Secured immediately before the Property is acquired by Lender or sold.

## 6. BORROWER'S OBLIGATIONS TO OCCUPY THE PROPERTY, TO MAINTAIN AND PROTECT THE PROPERTY, AND TO FULFILL ANY LEASE OBLIGATIONS; BORROWER'S LOAN APPLICATION

### (A) Borrower's Obligations to Occupy the Property

Borrower acknowledges that the Lender does not desire to make a loan to Borrower secured by this property on the terms contained in the Note unless the property is to be occupied by Borrower as Borrower's primary/secondary residence. Lender makes non-owner residence loans of different terms. Borrower promises and assures Lender that Borrower intends to occupy this property as Borrower's primary/secondary residence and that Borrower will so occupy this property as its sole primary/secondary residence within sixty (60) days after the date of the Security Instrument. If Borrower breaches this promise to occupy the property as Borrower's primary/secondary residence, then Lender may invoke any of the following remedies, in addition to the remedies provided in the Security Instrument; (1) Declare all sums secured by the Security Instrument due and payable and foreclose the Security Instrument, (2) Decrease the term of the loan and adjust the monthly payments under the Note accordingly, increase the interest rate and adjust the monthly payments under the Note accordingly, or (3) require that the principal balance be reduced to a percentage of either the original purchase price or the appraised value then being offered on non-owner occupied loans.

### (B) Borrower's Obligations to Maintain and Protect the Property

I will keep the Property in good repair. I will not destroy, damage or harm the Property, and I will not allow the Property to deteriorate.

I will be "in default" under this Security Instrument if I fail to keep any promise or agreement made in this Security Instrument. I also will be in default under this Security Instrument if any civil or criminal action or proceeding for "forfeiture" (that is, a legal action or proceeding to require the Property, or any part of the Property, to be given up) is begun and Lender determines, in good faith, that this action or proceeding could result in a court ruling (i) that would require forfeiture of the Property or (ii) that would materially impair the lien of this Security Instrument or Lender's rights in the Property. I may correct the default by obtaining a court ruling that dismisses the legal action or proceeding, if Lender determines, in good faith, that this court ruling prevents forfeiture of my interests in the Property and also prevents any material impairment of (i) the lien created by this Security Instrument or (ii) Lender's rights in the Property. If I correct the default, I will have the right to have enforcement of this Security Instrument discontinued, as provided in Paragraph 18 below, even if Lender has required immediate payment in full.

### (C) Borrower's Obligations to Fulfill Any Lease Obligations

If I do not own but am a tenant on the Property, I will fulfill all my obligations under my lease. I also agree that, if I acquire the fee title to the Property, my lease interest and the fee title will not merge unless Lender agrees to the merger in writing.

### (D) Borrower's Loan Application

If, during the application process for the loan that I promise to pay under the Note, I made false or inaccurate statements to Lender about information important to Lender in determining my eligibility for the loan, Lender will treat my actions as a default under this Security Instrument. False or inaccurate statements about information important to Lender would include a misrepresentation of my intentions to occupy the Property as a principal residence. This is just one example of a false or inaccurate statement of important information. Also, if during the loan application process I failed to provide Lender with information important to Lender in determining my eligibility for the loan, Lender will treat this as a default under this Security Instrument.

## 7. LENDER'S RIGHT TO PROTECT ITS RIGHTS IN THE PROPERTY

If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or forfeiture, or to enforce laws or regulations), Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this Paragraph 7, Lender does not have to do so.

I will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 7. I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. I will also pay interest on those amounts at the Note rate. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and I may agree in writing to terms of payment that are different from those in this paragraph. This Security Instrument will protect Lender in case I do not keep this promise to pay those amounts with interest.

## 8. MORTGAGE INSURANCE

If Lender required mortgage insurance as a condition of making the loan that I promise to pay under the Note, I will pay the premiums for the mortgage insurance. If, for any reason, the mortgage insurance coverage lapses or ceases to be in effect, I will pay the premiums for substantially equivalent mortgage insurance coverage. However, the cost of this mortgage insurance coverage must be substantially equivalent to the cost to me of the previous mortgage insurance coverage, and the alternate mortgage insurer must be approved by Lender.

If substantially equivalent mortgage insurance coverage is not available, Lender will establish a "loss reserve" as a substitute for the mortgage insurance coverage. I will pay to Lender each month an amount equal to one-twelfth of the yearly mortgage insurance premium (as of the time the coverage lapsed or ceased to be in effect). Lender will retain these payments, and will use these payments to pay for losses that the mortgage insurance would have covered. Lender may choose to no longer require loss reserve payments, if mortgage insurance coverage again becomes available and is obtained. The mortgage insurance coverage must be in the amount and for the period of time required by Lender. The Lender must approve the insurance company providing the coverage.

.I will pay the mortgage insurance premiums, or the loss reserve payments, until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law. Lender may require me to pay the premiums, or the loss reserve payments, in the manner described in Paragraph 2 above.

## 9. LENDER'S RIGHT TO INSPECT THE PROPERTY
Lender, and others authorized by Lender, may enter on and inspect the Property. They must do so in a reasonable manner and at reasonable times. Before or at the time an inspection is made, Lender must give me notice stating a reasonable purpose for the inspection.

## 10. AGREEMENTS ABOUT CONDEMNATION OF THE PROPERTY
A taking of property by any governmental authority by eminent domain is known as "condemnation." I give to Lender my right: (A) to proceeds of all awards or claims for damages resulting from condemnation or other governmental taking of the Property; and (B) to proceeds from a sale of the Property that is made to avoid condemnation. All of those proceeds will be paid to Lender.

If all of the Property is taken, the proceeds will be used to reduce the Sums Secured. If any of the proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me.

Unless Lender and I agree otherwise in writing, if only a part of the Property is taken, and the fair market value of the Property immediately before the taking either is equal to, or greater than, the amount of the Sums Secured immediately before the taking, the amount that I owe to Lender will be reduced only by the amount of proceeds multiplied by a fraction. That fraction is as follows: (A) the total amount of the Sums Secured immediately before the taking, divided by (B) the fair market value of the Property immediately before the taking. The remainder of the proceeds will be paid to me.

Unless Lender and I agree otherwise in writing or unless the law requires otherwise, if only a part of the Property is taken, and the fair market value of the Property immediately before the taking is less than the amount of the Sums Secured immediately before the taking, the proceeds will be used to reduce the Sums Secured.

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that a governmental authority has offered to make a payment or to settle a claim for damages, Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the Sums Secured. The 30-day period will begin when the notice is given.

If any proceeds are used to reduce the amount of principal which I owe to Lender under the Note, that use will not delay the due date or change the amount of any of my monthly payments under the Note and under Paragraphs 1 and 2 above. However, Lender and I may agree in writing to those delays or changes.

## 11. CONTINUATION OF BORROWER'S OBLIGATIONS AND OF LENDER'S RIGHTS
### (A) Borrower's Obligations
Lender may allow a person who takes over my rights and obligations to delay or to change the amount of the monthly payments of principal and interest due under the Note or under this Security Instrument. Even if Lender does this, however, that person and I will both still be fully obligated under the Note and under this Security Instrument.

Lender may allow those delays or changes for a person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a person for not fulfilling obligations under the Note or under this Security Instrument, even if Lender is requested to do so.

### (B) Lender's Rights
Even if Lender does not exercise or enforce any right of Lender under this Security Instrument or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will have the right under Paragraph 21 below to demand that I make immediate payment in full of the amount that I owe to Lender under the Note and under this Security Instrument.

## 12. OBLIGATIONS OF BORROWER AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS
Any person who takes over my rights or obligations under this Security Instrument will have all of my rights and will be obligated to keep all of my promises and agreements made in this Security Instrument. Similarly, any person who takes over Lender's rights or obligations under this Security Instrument will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Security Instrument.

If more than one person signs this Security Instrument as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Security Instrument. Lender may enforce Lender's rights under this Security Instrument against each of us individually or against all of us together. This means that any one of us may be required to pay all of the Sums Secured. However, if one of us does not sign the Note: (A) that person is signing this Security Instrument only to give that person's rights in the Property to Lender under the terms of this Security Instrument; and (B) that person is not personally obligated to pay the Sums Secured; and (C) that person agrees that Lender may agree with the other Borrowers to delay enforcing any of Lender's rights or to modify or make any accommodations with regard to the terms of this Security Instrument or the Note without that person's consent.

NYD10015 (09/22/00)

Loan Number: ▮▮▮▮▮▮▮    Servicing Number: ▮▮▮▮▮▮    Date:  06/16/05

### 13. LOAN CHARGES

If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed permitted limits: (A) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (B) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

### 14. NOTICES REQUIRED UNDER THIS SECURITY INSTRUMENT

Any notice that must be given to me under this Security Instrument will be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice will be addressed to me at the address stated in the section above titled "Description of the Property." A notice will be given to me at a different address if I give Lender a notice of my different address. Any notice that must be given to Lender under this Security Instrument will be given by mailing it to Lender's address stated in subparagraph (C) of the section above titled "Words Used Often In This Document." A notice will be mailed to Lender at a different address if Lender gives me a notice of the different address. A notice required by this Security Instrument is given when it is mailed or when it is delivered according to the requirements of this Paragraph 14 or of applicable law.

### 15. LAW THAT GOVERNS THIS SECURITY INSTRUMENT

This Security Instrument is governed by federal law and the law that applies in the place where the Property is located. If any term of this Security Instrument or of the Note conflicts with the law, all other terms of this Security Instrument and of the Note will still remain in effect if they can be given effect without the conflicting term. This means that any terms of this Security Instrument and of the Note which conflict with the law can be separated from the remaining terms, and the remaining terms will still be enforced.

### 16. BORROWER'S COPY

I will be given one conformed copy of the Note and of this Security Instrument.

### 17. AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED

Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may require immediate payment in full if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person. However, Lender shall not require immediate payment in full if this is prohibited by federal law on the date of this Security Instrument.

If Lender requires immediate payment in full under this Paragraph 17, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

### 18. BORROWER'S RIGHT TO HAVE LENDER'S ENFORCEMENT OF THIS SECURITY INSTRUMENT DISCONTINUED

Even if Lender has required immediate payment in full, I may have the right to have enforcement of this Security Instrument discontinued. I will have this right at any time before sale of the Property under any power of sale granted by this Security Instrument or at any time before a judgment has been entered enforcing this Security Instrument if I meet the following conditions:

(A) I pay to Lender the full amount that then would be due under this Security Instrument and the Note as if immediate payment in full had never been required; and

(B) I correct my failure to keep any of my other promises or agreements made in this Security Instrument; and

(C) I pay all of Lender's reasonable expenses in enforcing this Security Instrument including, for example, reasonable attorneys' fees; and

(D) I do whatever Lender reasonably requires to assure that Lender's rights in the Property, Lender's rights under this Security Instrument, and my obligations under the Note and under this Security Instrument continue unchanged.

If I fulfill all of the conditions in this Paragraph 18, then the Note and this Security Instrument will remain in full effect as if immediate payment in full had never been required. However, I will not have the right to have Lender's enforcement of this Security Instrument discontinued if Lender has required immediate payment in full under Paragraph 17 above.

### 19. NOTE HOLDER'S RIGHT TO SELL THE NOTE OR AN INTEREST IN THE NOTE; BORROWER'S RIGHT TO NOTICE OF CHANGE OF LOAN SERVICER

The Note, or an interest in the Note, together with this Security Instrument, may be sold one or more times. I may not receive any prior notice of these sales.

The entity that collects my monthly payments due under the Note and this Security Instrument is called the "Loan Servicer." There may be a change of the Loan Servicer as a result of the sale of the Note; there also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. The law requires that I be given written notice of any change of the Loan Servicer. The written notice must be given in the manner required under Paragraph 14 above and under applicable law. The notice will state the name and address of the new Loan Servicer, and also tell me the address to which I should make my payments. The notice also will contain any other information required by the law.

### 20. CONTINUATION OF BORROWER'S OBLIGATIONS TO MAINTAIN AND PROTECT THE PROPERTY

The federal laws and the laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection are called "Environmental Laws." I will not do anything affecting the Property that violates Environmental Laws, and I will not allow anyone else to do so.

Environmental Laws classify certain substances as toxic or hazardous. There are other substances that are considered hazardous for purposes of this Paragraph 20. These are gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. The substances defined as toxic or hazardous by Environmental Laws and the substances considered hazardous for purposes of this Paragraph 20 are called "Hazardous Substances."

I will not permit Hazardous Substances to be present on the Property. I will not use or store Hazardous Substances on the Property, and I will not allow anyone else to do so. I also will not dispose of Hazardous Substances on the Property, or release any Hazardous Substance on the Property, and I will not allow anyone else to do so. However, I may permit the presence on the Property of small quantities of Hazardous Substances that are generally recognized as appropriate for normal residential use and maintenance of the Property, and I may use or store these small quantities on the Property. In addition, unless the law requires removal or other action, the buildings, the improvements and the fixtures on the Property are permitted to contain asbestos and asbestos-containing materials if the asbestos and asbestos-containing materials are undisturbed and "non-friable" (that is, not easily crumbled by hand pressure).

If I know of any investigation, claim, demand, lawsuit or other action by the government or by a private party involving the Property and any Hazardous Substance or Environmental Laws, I will promptly notify the Lender in writing. If the government notifies me (or I otherwise learn) that it is necessary to remove a Hazardous Substance affecting the Property or to take other remedial actions, I will promptly take all necessary remedial actions as required by Environmental Laws.

### 21. LENDER'S RIGHTS IF BORROWER FAILS TO KEEP PROMISES AND AGREEMENTS

Except as provided in Paragraph 17, above, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Security Instrument. Lender may do this without making any further demand for payment. This requirement is called "immediate payment in full."

If any installment under the Note or notes, secured hereby is not paid when due, or if Borrower should be in default under any provision of this security Instrument, or if Borrower is in default under any other mortgage or other instrument secured by the Property, all sums secured by this Security Instrument and accrued interest thereon shall at once become due and payable at the option of Lender without prior notice, except as otherwise required by applicable law, and regardless of any prior forbearance. In such event, Lender, at its option, and subject to applicable law, may then or thereafter invoke the power of sale and/or any other remedies or take any other actions permitted by applicable law.

If Lender requires immediate payment in full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and have the Property sold. This sale is called Lender or another person may acquire the Property. This is know as "foreclosure and sale." In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by law and will have the right to add all reasonable attorneys' fees to the amount I owe Lender, which fees shall become part of the Sums Secured.

### 22. LENDER'S OBLIGATION TO DISCHARGE THIS SECURITY INSTRUMENT

When Lender has been paid all amounts due under the Note and under this Security Instrument, Lender will discharge this Security Instrument by delivering a certificate stating that this Security Instrument has been satisfied. To the extent permitted by applicable law, I will be required to pay Lender a fee for the discharge and for all costs of recording the discharge in the proper official records.

### 23. MISREPRESENTATION AND NONDISCLOSURE

Borrower has made certain written representations and disclosures in order to induce Lender to make the loan evidenced by the Note or notes which this Security Instrument secures, and in the event that Borrower has made any material misrepresentation or failed to disclose any material fact, Lender, at its option and without prior notice or demand, shall have the right to declare the indebtedness secured by this Security Instrument, irrespective of the maturity date specified in the Note or notes secured by this Security Instrument, immediately due and payable.

### 24. TIME IS OF THE ESSENCE

Time is of the essence in the performance of each provision of this Security Instrument.

### 25. WAIVER OF STATUTE OF LIMITATIONS

The pleading of the statute of limitations as a defense to enforcement of this Security Instrument, or any and all obligations referred to herein or secured hereby, is hereby waived to the fullest extent permitted by applicable law.

### 26. MODIFICATION

This Security Instrument may be modified or amended only by an agreement in writing signed by Borrower and Lender or lawful successors in interest.

### 27. REIMBURSEMENT

To the extent permitted by applicable law, Borrower shall reimburse Trustee and Lender for any and all costs, fees and expenses which either may incur, expend or sustain in the execution of the trust created hereunder or in the performance of any act required or permitted hereunder or by law or in equity or otherwise arising out of or in connection with this Security Instrument, the Note, any other note secured by this Security Instrument or any other instrument executed by Borrower in connection with the Note or Security Instrument. To the extent permitted by applicable law, Borrower shall pay to Trustee and Lender their fees in connection with Trustee and Lender including, but not limited to assumption application fees; fees for payoff demands and, statements of loan balance; fees for making, transmitting and transporting copies of loan documents, verifications, full or partial lien discharge and other documents requested by borrower or necessary for performance of Lender's rights or duties under this Security Instrument; fees arising from a returned or dishonored check; fees to determine whether the Property is occupied, protected, maintained or insured or related purposes; appraisal fees, inspection fees, legal fees, broker fees, insurance mid-term substitutions, repair expenses, foreclosure fees and costs arising from foreclosure of the Property and protection of the security for this Security Instrument; and all other fees and costs of a similar nature not otherwise prohibited by law.

Loan Number:                    Servicing Number:                    Date:  06/16/05

**28. CLERICAL ERROR**

In the event Lender at any time discovers that the Note, any other note secured by this Security Instrument, the Security Instrument, or any other document or instrument executed in connection with the Security Instrument, Note or notes contains an error that was caused by a clerical mistake, calculation error, computer malfunction, printing error or similar error, Borrower agrees, upon notice from Lender, to reexecute any documents that are necessary to correct any such error(s). Borrower further agrees that Lender will not be liable to Borrower for any damages incurred by Borrower that are directly or indirectly caused by any such error.

**29. LOST STOLEN, DESTROYED OR MUTILATED SECURITY INSTRUMENT AND OTHER DOCUMENTS**

In the event of the loss, theft or destruction of the Note, any other note secured by this Security Instrument, the Security Instrument or any other documents or instruments executed in connection with the Security Instrument, Note or notes (collectively, the "Loan Documents"), upon Borrower's receipt of an indemnification executed in favor of Borrower by Lender, or, in the event of the mutilation of any of the Loan Documents, upon Lender's surrender to Borrower of the mutilated Loan Document, Borrower shall execute and deliver to Lender a Loan Document in form and content identical to, and to serve as a replacement of, the lost, stolen, destroyed, or mutilated Loan document, and such replacement shall have the same force and effect as the lost, stolen, destroyed, or mutilated Loan Documents, and may be treated for all purposes as the original copy of such Loan Document.

**30. ASSIGNMENT OF RENTS**

As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property. Borrower shall have the right to collect and retain the rents of the Property as they become due and payable provided Lender has not exercised its rights to require immediate payment in full of the sums secured by this Security instrument and Borrower has not abandoned the Property.

**31. ATTORNEYS' FEES**

As used in this Security Instrument and the note, "attorneys' fees" shall include any attorneys' fees awarded by an appellate court.

**32. AGREEMENTS ABOUT NEW YORK LIEN LAW**

I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Security Instrument is recorded, construction or other work on any building or other improvement located on the Property has not been completed for at least four months, I will: (A) hold all amounts which I receive and which I have a right to receive from Lender under the Note as a "trust fund"; and (B) use those amounts to pay for that construction or work before I use them for any other purpose. The fact that I am holding those amounts as a "trust fund" means that for any building or other improvement located on the Property I have a special responsibility under the law to use the amount in the manner described in this Paragraph 23.

**33. RIDERS TO THIS SECURITY INSTRUMENT**

If one or more riders are signed by Borrower and recorded together with this Security Instrument, the promises and agreements of each rider are incorporated as a part of this Security Instrument.
[Check applicable box(es)]

☐ Adjustable Rate Rider            ☐ Condominium Rider            ☐ 1-4 Family Rider
☐ Manufactured Home Rider          ☐ Planned Unit Development Rider ☐ Occupancy Rider
☒ Other(s) (specify)   Interest Only Adjustable Rate Rider

    BY SIGNING BELOW, I accept and agree to the promises and agreements contained in pages 1 through 8 of this Security Instrument and in any rider(s) signed by me and recorded with it.

_____                    _____ (Seal)
              Witness                                                         -Borrower

_____                    _____ (Seal)
              Witness                                                         -Borrower

_____ (Seal)             _____ (Seal)
EMANUEL  ARCHIBALD          -Borrower                                        -Borrower

_____ (Seal)             _____ (Seal)
YVONNE  MOODY               -Borrower                                        -Borrower



## UNIFORM, ALL PURPOSE CERTIFICATE OF ACKNOWLEDGMENT
### (Within New York State)

STATE OF NEW YORK )
County of _Rockland_ ) ss.:

On the _16_ day of _JUNE_ in the year _2005_ before me, the undersigned, personally appeared _EMANUEL ARCHIBALD_ and _YVONNE MOODY_ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Signature and Office of Individual taking acknowledgement

CLARENCE B. CASTEL, JR.
Qualified in Rockland County
No. 01CA4649142
Term Expires March 30, : _2007_          **OR**


## UNIFORM, ALL PURPOSE CERTIFICATE OF ACKNOWLEDGMENT
### (Outside of New York State)

State, District of Columbia, Territory, Possession or Foreign Country
) ss.:

On the ____ day of _____ in the year ____ before me, the undersigned, personally appeared _____
_____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the _____.
(Insert the city or other political subdivision and the state or country or other place the acknowledgment was taken).


_____
Signature and Office of Individual taking acknowledgement

Loan Number: ██████████                    Date: 06/16/05

# ADJUSTABLE RATE RIDER
# FOR THE INTEREST ONLY PAYMENT PERIOD
### (LIBOR Index - Rate Caps)

**THIS RIDER TO THE SECURITY INSTRUMENT PROVIDES FOR AN
INITIAL PERIOD OF MONTHLY PAYMENTS OF INTEREST ONLY
AND FOR SUBSEQUENT MONTHLY PAYMENTS OF BOTH
PRINCIPAL AND INTEREST.**

THIS ADJUSTABLE RATE RIDER is made        June 16, 2005
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Adjustable Rate Note (the "Note") to
        Option One Mortgage Corporation, a California Corporation
(the "Lender") of the same date and covering the property described in the Security Instrument and located
at:
        117  BRIGADOON BOULEVARD,  HIGHLAND MILLS, NY 10930-

[Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST
RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE
BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE
MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

1. The Note provides for an initial interest rate of        6.200%                        . The
Note provides for changes in the interest rate and the monthly payments, as follows:

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
**(A) Change Dates**
The interest rate I will pay may change on the first day of    July 01, 2007                    .
and on that day every sixth month thereafter. Each date on which my interest rate could change is called a
"Change Date."
**(B) The Index**
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the
average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market
("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first
business day of the month immediately preceding the month in which the Change Date occurs is called the
"Current Index."

MULTISTATE ADJUSTABLE RATE RIDER-LIBOR INDEX - Single Family
Page 1 of 3

USRI041.wp (06-30-03)

Loan Number: ███████████                    Date: 06/16/05

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

    (C) Calculation of Changes

    Before each Change Date, the Note Holder will calculate my new interest rate by adding **FIVE AND 30/100** percentage point(s) ( **5.300%** ) to the Current Index. The Note Holder will then round the result of this addition to the next higher one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

    The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

    **Interest Only Period** - The "Interest Only Period" is the period from the date of this Note through the 60th Monthly Payment. For the Interest Only Period, after calculating my new interest rate as provided above, the Note Holder will then calculate the amount of the monthly payment to be one-twelfth ($1/12^{th}$) of one (1) year's interest at the new interest rate. The result of this calculation will be the new amount of my monthly payment until the next Interest Rate Change Date.

    **Amortization Period** - The "Amortization Period" is the period after the Interest Only Period and continuing until the Maturity Date. During the Amortization Period, after calculating my new interest rate as provided above, the Note Holder will then calculate the amount of the monthly payment that would be sufficient to fully repay the remaining unpaid principal in equal monthly payments by the Maturity Date, assuming, for purposes of each calculation, that the interest rate remained unchange during that period. The result of this calculation will be the new amount of my monthly payment.

    (D) Limits on Interest Rate Changes

    The interest rate I am required to pay at the first Change Date will not be greater than **9.200%** or less than **6.200%**. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.0%) from the rate of interest I have been paying for the preceding six months. In no event will my interest rate be greater than **12.200%** or less than **6.200%**.

    (E) Effective Date of Changes

    My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

    (F) Notice of Changes

    The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

    **II. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER** - Covenant 17 of the Security Instrument is amended to read as follows:

    **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender

MULTISTATE ADJUSTABLE RATE RIDER-LIBOR INDEX - Single Family
Page 2 of 3                                                                          USR1041.wp (06-30-03)

## SCHEDULE A

ALL that certain plot, piece or parcel of land, situate lying and being in the Town of Woodbury, County of Orange and State of New York, shown and designated as Lot No. 57 upon a certain map entitled "RUSHMORE, a Residential Community, Town of Woodbury, Orange County, New York," made by Siegmond & Associates and filed in the Office of the Clerk of Orange County, New York, on June 20, 2000 as Map No. 122-00.

TOGETHER WITH all of the rights and benefits and SUBJECT TO all of the burdens set forth in the DECLARATION OF COVENANTS, RESTRICTIONS, EASEMENTS, CHARGES AND LIENS of "BRIGADOON AT HIGHLAND MILLS HOMEOWNERS ASSOCIATION, INC." recorded in the Orange County Clerk's Office on February 19, 2002 in Liber 5786 Page 234, and Re-Recorded on January 14, 2004 in Liber 11349 Page 1739.



Loan Number: ████████████████████        Date:  06/16/05

also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**III.** All other provisions of the Security Instrument and any Rider are unchanged by this Rider to the Security Instrument for Interest Only Payments and remain in full force and effect.

**I understand that for the Interest Only Period I will not be reducing the principal balance.  After 5 years if I only made my minimum payment, my principal balance will not be reduced.**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider for the Interest Only Payment Period.

_____ (Seal)        _____ (Seal)
EMANUEL   ARCHIBALD

_____ (Seal)        _____ (Seal)
YVONNE   MOODY

_____ (Seal)        _____ (Seal)

MULTISTATE ADJUSTABLE RATE RIDER-LIBOR INDEX - Single Family
Page 3 of 3                                                                      USR1041.wp (06-30-03)

# ORANGE COUNTY CLERK'S OFFICE RECORDING PAGE

THIS PAGE IS PART OF THE INSTRUMENT – DO NOT REMOVE

TYPE IN BLACK INK.

NAME(S) OF PARTY(S) TO DOCUMENT

Option One Mortgage Corporation,
A California Corporation

SECTION 250 BLOCK 1 LOT 77

TO

Wells Fargo Bank, N.A.

RECORD AND RETURN TO:
(name and address)

Threshold Land Inc.
584 Main Street, Suite 2
Islip, New York 11751

THIS IS PAGE ONE OF THE RECORDING

ATTACH THIS SHEET TO THE FIRST PAGE OF EACH
RECORDED INSTRUMENT ONLY

2005070971    DO NOT WRITE BELOW THIS LINE

INSTRUMENT TYPE: DEED____ MORTGAGE____ SATISFACTION____ ASSIGNMENT ✓ OTHER____

## PROPERTY LOCATION

| | | |
|---|---|---|
| 2089 BLOOMING GROVE (TN) | 4289 MONTGOMERY (TN) | NO PAGES 3 CROSS REF. ____ |
| 2001 WASHINGTONVILLE (VLG) | 4201 MAYBROOK (VLG) | CERT.COPY____ ADD'L X-REF. ____ |
| 2289 CHESTER (TN) | 4203 MONTGOMERY (VLG) | MAP#____ PGS. ____ |
| 2201 CHESTER (VLG) | 4205 WALDEN (VLG) | |
| 2489 CORNWALL (TN) | 4489 MOUNT HOPE (TN) | PAYMENT TYPE: CHECK ✓ |
| 2401 CORNWALL (VLG) | 4401 OTISVILLE (VLG) | CASH ____ |
| 2600 CRAWFORD (TN) | 4600 NEWBURGH (TN) | CHARGE ____ |
| 2800 DEERPARK (TN) | 4800 NEW WINDSOR (TN) | NO FEE ____ |
| 3089 GOSHEN (TN) | 5089 TUXEDO (TN) | Taxable |
| 3001 GOSHEN (VLG) | 5001 TUXEDO PARK (VLG) | CONSIDERATION $ ____ |
| 3003 FLORIDA (VLG) | 5200 WALLKILL (TN) | TAX EXEMPT ____ |
| 3005 CHESTER (VLG) | 5489 WARWICK (TN) | Taxable |
| 3200 GREENVILLE (TN) | 5401 FLORIDA (VLG) | MORTGAGE AMT. $ ____ |
| 3489 HAMPTONBURGH (TN) | 5403 GREENWOOD LAKE (VLG) | DATE ____ |
| 3401 MAYBROOK (VLG) | 5405 WARWICK (VLG) | |
| 3689 HIGHLANDS (TN) | 5600 WAWAYANDA (TN) | MORTGAGE TAX TYPE: |
| 3601 HIGHLAND FALLS (VLG) | 5889 WOODBURY (TN) | ____ (A) COMMERCIAL/FULL 1% |
| 3889 MINISINK (TN) | 5801 HARRIMAN (VLG) | ____ (B) 1 OR 2 FAMILY |
| 3801 UNIONVILLE (VLG) | | ____ (C) UNDER $10,000 |
| 4089 MONROE (TN) | CITIES | ____ (E) EXEMPT |
| 4001 MONROE (VLG) | 0900 MIDDLETOWN | ____ (F) 3 TO 6 UNITS |
| 4003 HARRIMAN (VLG) | 1100 NEWBURGH | ____ (I) NAT.PERSON/CR. UNION |
| 4005 KIRYAS JOEL (VLG) | 1300 PORT JERVIS | ____ (J) NAT.PER-CR.UN/1 OR 2 |
| | 9999 HOLD | ____ (K) CONDO |

*Donna L. Benson (signature)*

DONNA L. BENSON
ORANGE COUNTY CLERK

RECEIVED FROM: Threshold Land

RECORDED/FILED
07/17/2008/ 11:27:10
DONNA L. BENSON
County Clerk
ORANGE COUNTY, NY
FILE # 20080071868
A/MTG / BK 12698 PG 1864
RECORDING FEES 34.50
Receipt#909939 alicev

SmB

ORIGINAL

Record and Return To:
Wilshire Credit Corporation
14523 SW Millikan Way, #200
Beaverton, OR 97005
Loan #

Loan Number :
Servicing Num

[Space Above This Line For Recording Data]

## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS That
OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA CORPORATION
whose address is : 3 Ada, Irvine, CA 92618          as Mortgagee under that certain MORTGAGE executed by
EMANUEL ARCHIBALD AND YVONNE MOODY

as mortgagor on the
_June 16, 2005_          , and recorded on the  ✗          day of
in Book          of          at page
under filing No.          of the records of          Orange          County,
State of New York, given to secure the payment of a promissory note for the sum of
five hundred three thousand four hundred          Dollars  ($503,400.00)
and interest, has endorsed said note and does hereby ASSIGN AND TRANSFER to

Wells Fargo Bank, N.A. as TRustee for the MLMI Trust Series 2005-HE3

whose address is: 9062 Old Annapolis Road, Columbia MD 21095
prior assignments : N/A
✓ Recorded 6/27/2005 in BK 11881, Pg 1707 as 200500700971

all right, title and interest in said note and all rights and all indebtedness secured thereby. The said
Mortgage described herein affects the premises commonly known and designated as:
### DESCRIBED ON MORTGAGE REFERRED TO HEREIN
Section 25D          Address:
Block   1          117 BRIGADOON BOULEVARD HIGHLAND MILLS, NY 10930
Lot  . . 77          Town:
This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the
secondary mortgage market.
IN WITNESS WHEREOF said
OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA CORPORATION
has caused this instrument to be signed by its          Assistant Secretary
and attested by its corporate seal this          29th  day of June, A.D. 2005.

OPTION ONE MORTGAGE CORPORATION,
a California Corporation

By:
Katherine Burns          , Assistant Secretary

[Space Below This Line For Acknowledgment]

State of California, County of  Orange          )SS:

On  June 29, 2005

Before me came   Katherine Burns          , to me known, who being by me duly sworn, did depose and say that
he/she resides at  3 Ada, Irvine, CA 92618
in California. That he/she is the   Assistant Secretary          of Option One Mortgage Corporation the
corporation described in and which executed, the foregoing instrument:  that he knows the seal of said corporation; that the seal
affixed to said instrument is such corporate seal that it was so affixed by order of the Board of Option One Mortgage Corporation
said corporation, and that he/she signed his/her name thereto by like order.
Witness my hand and official seal.
(Reserved for official seal)



DANA DENTON
COMM. #1437276
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Comm. Expires September 2, 2007

Signature
Dana Denton
Name (typed or printed)
My commision expires:          September 02, 2007



## Schedule A

**Title Number** ███████

ALL THAT CERTAIN PLOT, PIECE, OR PARCEL OF LAND, situate, lying and being in the Town of Woodbury, County of Orange and State of New York, shown and designated as Lot Number 57 upon on a certain map entitled, "RUSHMORE, a Residential Community, Town of Woodbury, Orange County, New York," made by Siegmond & Associates and filed in the Office of the Clerk of Orange County, New York, on June 20, 2000 as Map Number 122-00.

TOGETHER WITH all of the rights and SUBJECT TO all of the burdens set forth in the DECLARATION OF COVENANTS, RESTRICTIONS, EASEMENTS, CHARGES AND LIENS of "BRIGADOON AT HIGHLAND MILLS HOMEOWNERS ASSOCIATION, INC." recorded in the Orange County Clerk's Office on February 19, 2002 in Liber 5786 Page 234, and Re-Recorded on January 14, 2004 in Liber 11349 Page 1739.

Section:    250    Block:    1    Lot:    77

**Annual Escrow Account
Disclosure Statement**

5/9/2023



CHANGING THE FACE OF HOME LOANS

| Loan Number | |
|---|---|
| Analysis Date | April 3, 2023 |

8950 Cypres Waters Blvd.
Coppell TX 75019

EMANUEL  ARCHIBALD

YVONNE  MOODY

117 BRIGADOON BLVD, HIGHLAND

MILLS,NY,10930

| Previous Payment | |
|---|---|
| Principal & Interest | $ 3,733.90 |
| Escrow | $ 1,717.87 |
| **Total** | $ 5,451.77 |
| **New Payment** | |
| Effective Date | April 1, 2023 |
| Principal & Interest | $ 3,733.90 |
| Escrow | $ 1,658.85 |
| **Total** | $ 5,392.75 |

The purpose of the Coming Year Escrow Projection is to determine the lowest balance "Low Point" to which your escrow account will decline over the upcoming year.  The purpose of the Low Balance Summary is to compare the projected and allowable low point amounts. If the projected low point is greater than the allowable low point, there is a surplus.  If the projected low point is less than the allowable low point, there is a shortage and/or deficiency which will  be recovered by an adjustment to your monthly payment over a specified number of months.  The adjustment amount(s) appears in the Low Balance Summary and New Payment information.

**Our records indicate that you have filed a bankruptcy.** This statement is sent for informational purposes only and is not an attempt to collect a debt.  It does not alter or affect the terms of your bankruptcy proceedings. Please disregard the payment information if it conflicts with any order or requirement of the court.
If you filed a Chapter 13, any unpaid amounts prior to the filing of your bankruptcy petition may be paid through and in accordance with your bankruptcy plan. If you are a Chapter 13 debtor whose plan requires you to make regular post petition payments directly to the Chapter 13 trustee, any payment should be remitted to the trustee directly

| Escrow Accounts Summary | |
|---|---|
| Tax | $ 18,610.18 |
| Insurance | $ 1,296.00 |
| Lender-Placed Insurance | $ - |
| Mortgage Insurance | $ - |
| **Annual Total** | $ 19,906.18 |
| Approximate Monthly Deposit | $ 1,658.85 |
| Monthly Deposit Without Mortgage Insurance | $ 1,658.85 |
| RESPA Cushion (About Two Monthly Deposits)* | $ 3,317.70 |

| Escrow Included in Proof of Claims | |
|---|---|
| Bankruptcy Filing Date | March 30, 2023 |
| Total Escrow Funds Advanced by Your Servicer at Filing Date | $ 329,527.33 |
| Plus Balance Required at Filing to Maintain RESPA Minimum | $ 8,950.89 |
| Minus Escrow Account Balance at Filing Date | $ - |
| **Total Shortage at Filing Date** | $ 338,478.22 |

This column shows your new monthly escrow deposits over the next escrow cycle.

These columns show when each of your escrow accounts is expected to be paid during the next escrow

This column shows what your escrow balance would be without any additional funds.

This column shows the calculation of the amount of funds needed to maintain your RESPA cushion* through the next

| | | | | Escrow Balance Projection | | | |
|---|---|---|---|---|---|---|---|
| Month | Escrow Payment | Tax Disbursements | Insurance Disbursements | LPI Disbursements | Mortgage Insurance Disbursements | Balance | Required Balance |
| | | | | | Beginning Balance | $ - | $ 8,950.89 |
| Apr 2023 | $ 1,658.85 | $ - | $ - | $ - | $ - | $ 1,658.85 | $ 10,609.74 |
| May 2023 | $ 1,658.85 | $ - | $ - | $ - | $ - | $ 3,317.70 | $ 12,268.59 |
| Jun 2023 | $ 1,658.85 | $ 2,468.83 | $ - | $ - | $ - | $ 2,507.72 | $ 11,458.61 |
| Jul 2023 | $ 1,658.85 | $ - | $ - | $ - | $ - | $ 4,166.57 | $ 13,117.46 |
| Aug 2023 | $ 1,658.85 | $ - | $ - | $ - | $ - | $ 5,825.42 | $ 14,776.31 |
| Sep 2023 | $ 1,658.85 | $ 11,821.46 | $ 1,296.00 | $ - | $ - | $ (5,633.19) | $ 3,317.70 |
| Oct 2023 | $ 1,658.85 | $ - | $ - | $ - | $ - | $ (3,974.34) | $ 4,976.55 |
| Nov 2023 | $ 1,658.85 | $ - | $ - | $ - | $ - | $ (2,315.49) | $ 6,635.40 |
| Dec 2023 | $ 1,658.85 | $ - | $ - | $ - | $ - | $ (656.64) | $ 8,294.25 |
| Jan 2024 | $ 1,658.85 | $ 4,319.89 | $ - | $ - | $ - | $ (3,317.68) | $ 5,633.21 |
| Feb 2024 | $ 1,658.85 | $ - | $ - | $ - | $ - | $ (1,658.83) | $ 7,292.06 |
| Mar 2024 | $ 1,658.85 | $ - | $ - | $ - | $ - | $ 0.02 | $ 8,950.91 |
| **Totals** | $ 19,906.20 | $ 18,610.18 | $ 1,296.00 | $ - | | | |
| | | | | Balance Required at Filing to Maintain RESPA Cushion* | | | $ 8,950.89 |

* - The cushion allowed by federal law (RESPA) is two times your monthly escrow payment excluding any mortgage insurance payments, unless your state's laws specify a lower amount.  The highlighted value in the Required Balance column indicates where the RESPA cushion limit is set--this is lowest balance your Escrow account will reach during the next Escrow cycle and all of the other values in the column are based on it.

**Annual Escrow Account**
**Disclosure Statement**

5/9/2023

| | | Escrow Account Transactions Prior to Bankruptcy Filing | | | | | |
|---|---|---|---|---|---|---|---|
| Transaction Date | Description | Servicer Advance to Escrow | Borrower Deposit to Escrow | Servicer Recovery from Escrow | Payment from Escrow | Escrow Account Balance | Total Servicer Advances |
| 4/4/2014 | ESCROW ADVANCE | $ 70,000.00 | | | | $ 70,000.00 | $ 70,000.00 |
| 4/4/2014 | ESCROW ADJUSTMENT | | | | $ 70,000.00 | $ - | $ 70,000.00 |
| 6/10/2014 | VILLAGE ADVANCE | $ 1,608.06 | | | | $ 1,608.06 | $ 71,608.06 |
| 6/10/2014 | VILLAGE DISBURSED | | | | $ 1,608.06 | $ - | $ 71,608.06 |
| 6/19/2014 | HAZARD INSURANCE ADVANCE | $ 4,229.00 | | | | $ 4,229.00 | $ 75,837.06 |
| 6/19/2014 | HAZARD INSURANCE DISBURSED | | | | $ 4,229.00 | $ - | $ 75,837.06 |
| 9/15/2014 | SCHOOL TAX ADVANCE | $ 10,226.31 | | | | $ 10,226.31 | $ 86,063.37 |
| 9/15/2014 | SCHOOL TAX DISBURSED | | | | $ 10,226.31 | $ - | $ 86,063.37 |
| 9/16/2014 | DEPOSIT | | | | $ (16,063.37) | $ 16,063.37 | $ 86,063.37 |
| 9/16/2014 | ESCROW ADVANCE | | | $ 16,063.37 | | $ - | $ 70,000.00 |
| 1/16/2015 | TOWN TAX ADVANCE | $ 5,158.84 | | | | $ 5,158.84 | $ 75,158.84 |
| 1/16/2015 | TOWN TAX DISBURSED | | | | $ 5,158.84 | $ - | $ 75,158.84 |
| 4/9/2015 | HAZARD INSURANCE ADVANCE | $ 3,249.00 | | | | $ 3,249.00 | $ 78,407.84 |
| 4/9/2015 | HAZARD INSURANCE DISBURSED | | | | $ 3,249.00 | $ - | $ 78,407.84 |
| 6/17/2015 | VILLAGE ADVANCE | $ 1,761.02 | | | | $ 1,761.02 | $ 80,168.86 |
| 6/17/2015 | VILLAGE DISBURSED | | | | $ 1,761.02 | $ - | $ 80,168.86 |
| 9/21/2015 | SCHOOL TAX ADVANCE | $ 10,588.15 | | | | $ 10,588.15 | $ 90,757.01 |
| 9/21/2015 | SCHOOL TAX DISBURSED | | | | $ 10,588.15 | $ - | $ 90,757.01 |
| 9/22/2015 | DEPOSIT | | | | $ (20,757.01) | $ 20,757.01 | $ 90,757.01 |
| 9/22/2015 | ESCROW ADVANCE | | | $ 20,757.01 | | $ - | $ 70,000.00 |
| 1/19/2016 | TOWN TAX ADVANCE | $ 4,681.05 | | | | $ 4,681.05 | $ 74,681.05 |
| 1/19/2016 | TOWN TAX DISBURSED | | | | $ 4,681.05 | $ - | $ 74,681.05 |
| 4/7/2016 | HAZARD INSURANCE ADVANCE | $ 3,100.00 | | | | $ 3,100.00 | $ 77,781.05 |
| 4/7/2016 | HAZARD INSURANCE DISBURSED | | | | $ 3,100.00 | $ - | $ 77,781.05 |
| 6/16/2016 | VILLAGE ADVANCE | $ 2,026.50 | | | | $ 2,026.50 | $ 79,807.55 |
| 6/16/2016 | VILLAGE DISBURSED | | | | $ 2,026.50 | $ - | $ 79,807.55 |
| 9/20/2016 | SCHOOL TAX ADVANCE | $ 10,462.81 | | | | $ 10,462.81 | $ 90,270.36 |
| 9/20/2016 | SCHOOL TAX DISBURSED | | | | $ 10,462.81 | $ - | $ 90,270.36 |
| 9/21/2016 | DEPOSIT | | | | $ (20,270.36) | $ 20,270.36 | $ 90,270.36 |
| 9/21/2016 | ESCROW ADVANCE | | | $ 20,270.36 | | $ - | $ 70,000.00 |
| 1/18/2017 | TOWN TAX ADVANCE | $ 4,478.39 | | | | $ 4,478.39 | $ 74,478.39 |
| 1/18/2017 | TOWN TAX DISBURSED | | | | $ 4,478.39 | $ - | $ 74,478.39 |
| 4/11/2017 | HAZARD INSURANCE ADVANCE | $ 2,679.00 | | | | $ 2,679.00 | $ 77,157.39 |
| 4/11/2017 | HAZARD INSURANCE DISBURSED | | | | $ 2,679.00 | $ - | $ 77,157.39 |
| 6/13/2017 | VILLAGE ADVANCE | $ 1,893.25 | | | | $ 1,893.25 | $ 79,050.64 |
| 6/13/2017 | VILLAGE DISBURSED | | | | $ 1,893.25 | $ - | $ 79,050.64 |
| 9/19/2017 | SCHOOL TAX ADVANCE | $ 10,994.11 | | | | $ 10,994.11 | $ 90,044.75 |
| 9/19/2017 | SCHOOL TAX DISBURSED | | | | $ 10,994.11 | $ - | $ 90,044.75 |
| 1/22/2018 | TOWN TAX ADVANCE | $ 4,273.37 | | | | $ 4,273.37 | $ 94,318.12 |
| 1/22/2018 | TOWN TAX DISBURSED | | | | $ 4,273.37 | $ - | $ 94,318.12 |
| 3/20/2018 | ESCROW ADVANCE | $ 99,999.99 | | | | $ 99,999.99 | $ 194,318.11 |
| 3/20/2018 | ESCROW ADVANCE | $ 35,967.14 | | | | $ 135,967.13 | $ 230,285.25 |
| 3/20/2018 | ESCROW ADJUSTMENT | | | | $ 99,999.99 | $ 35,967.14 | $ 230,285.25 |
| 3/20/2018 | ESCROW ADJUSTMENT | | | | $ 35,967.14 | $ - | $ 230,285.25 |
| 4/10/2018 | HAZARD INSURANCE ADVANCE | $ 2,452.00 | | | | $ 2,452.00 | $ 232,737.25 |
| 4/10/2018 | HAZARD INSURANCE DISBURSED | | | | $ 2,452.00 | $ - | $ 232,737.25 |
| 6/8/2018 | VILLAGE ADVANCE | $ 1,838.26 | | | | $ 1,838.26 | $ 234,575.51 |
| 6/8/2018 | VILLAGE DISBURSED | | | | $ 1,838.26 | $ - | $ 234,575.51 |
| 9/19/2018 | SCHOOL TAX ADVANCE | $ 11,545.75 | | | | $ 11,545.75 | $ 246,121.26 |
| 9/19/2018 | SCHOOL TAX DISBURSED | | | | $ 11,545.75 | $ - | $ 246,121.26 |
| 1/10/2019 | TOWN TAX ADVANCE | $ 4,390.78 | | | | $ 4,390.78 | $ 250,512.04 |
| 1/10/2019 | TOWN TAX DISBURSED | | | | $ 4,390.78 | $ - | $ 250,512.04 |
| 4/9/2019 | HAZARD INSURANCE ADVANCE | $ 2,446.00 | | | | $ 2,446.00 | $ 252,958.04 |
| 4/9/2019 | HAZARD INSURANCE DISBURSED | | | | $ 2,446.00 | $ - | $ 252,958.04 |
| 6/14/2019 | VILLAGE ADVANCE | $ 1,789.86 | | | | $ 1,789.86 | $ 254,747.90 |
| 6/14/2019 | VILLAGE DISBURSED | | | | $ 1,789.86 | $ - | $ 254,747.90 |
| 9/13/2019 | SCHOOL TAX ADVANCE | $ 11,897.66 | | | | $ 11,897.66 | $ 266,645.56 |
| 9/13/2019 | SCHOOL TAX DISBURSED | | | | $ 11,897.66 | $ - | $ 266,645.56 |
| 9/27/2019 | HAZARD INSURANCE ADVANCE | $ 1,072.00 | | | | $ 1,072.00 | $ 267,717.56 |
| 9/27/2019 | HAZARD INSURANCE DISBURSED | | | | $ 1,072.00 | $ - | $ 267,717.56 |
| 10/1/2019 | HAZARD INSURANCE DEPOSIT | | | | $ (1,250.00) | $ 1,250.00 | $ 267,717.56 |
| 10/1/2019 | ESCROW ADVANCE | | | $ 1,250.00 | | $ - | $ 266,467.56 |
| 1/15/2020 | TOWN TAX ADVANCE | $ 4,356.53 | | | | $ 4,356.53 | $ 270,824.09 |

## Annual Escrow Account
## Disclosure Statement

5/9/2023

| Escrow Account Transactions Prior to Bankruptcy Filing | | | | | | | |
|---|---|---|---|---|---|---|---|
| Transaction Date | Description | Servicer Advance to Escrow | Borrower Deposit to Escrow | Servicer Recovery from Escrow | Payment from Escrow | Escrow Account Balance | Total Servicer Advances |
| 1/15/2020 | TOWN TAX DISBURSED | | | | $   4,356.53 | $          - | $   270,824.09 |
| 6/15/2020 | VILLAGE ADVANCE | $   2,013.43 | | | | $   2,013.43 | $   272,837.52 |
| 6/15/2020 | VILLAGE DISBURSED | | | | $   2,013.43 | $          - | $   272,837.52 |
| 9/16/2020 | SCHOOL TAX ADVANCE | $  12,017.18 | | | | $  12,017.18 | $   284,854.70 |
| 9/16/2020 | SCHOOL TAX DISBURSED | | | | $  12,017.18 | $          - | $   284,854.70 |
| 9/23/2020 | HAZARD INSURANCE ADVANCE | $   1,111.00 | | | | $   1,111.00 | $   285,965.70 |
| 9/23/2020 | HAZARD INSURANCE DISBURSED | | | | $   1,111.00 | $          - | $   285,965.70 |
| 1/15/2021 | TOWN TAX ADVANCE | $   4,489.86 | | | | $   4,489.86 | $   290,455.56 |
| 1/15/2021 | TOWN TAX DISBURSED | | | | $   4,489.86 | $          - | $   290,455.56 |
| 6/16/2021 | VILLAGE ADVANCE | $   1,824.46 | | | | $   1,824.46 | $   292,280.02 |
| 6/16/2021 | VILLAGE DISBURSED | | | | $   1,824.46 | $          - | $   292,280.02 |
| 9/10/2021 | HAZARD INSURANCE ADVANCE | $   1,245.00 | | | | $   1,245.00 | $   293,525.02 |
| 9/10/2021 | HAZARD INSURANCE DISBURSED | | | | $   1,245.00 | $          - | $   293,525.02 |
| 9/20/2021 | SCHOOL TAX ADVANCE | $  11,708.72 | | | | $  11,708.72 | $   305,233.74 |
| 9/20/2021 | SCHOOL TAX DISBURSED | | | | $  11,708.72 | $          - | $   305,233.74 |
| 1/19/2022 | TOWN TAX ADVANCE | $   4,387.41 | | | | $   4,387.41 | $   309,621.15 |
| 1/19/2022 | TOWN TAX DISBURSED | | | | $   4,387.41 | $          - | $   309,621.15 |
| 6/16/2022 | VILLAGE ADVANCE | $   2,468.83 | | | | $   2,468.83 | $   312,089.98 |
| 6/16/2022 | VILLAGE DISBURSED | | | | $   2,468.83 | $          - | $   312,089.98 |
| 9/12/2022 | HAZARD INSURANCE ADVANCE | $   1,296.00 | | | | $   1,296.00 | $   313,385.98 |
| 9/12/2022 | HAZARD INSURANCE DISBURSED | | | | $   1,296.00 | $          - | $   313,385.98 |
| 9/14/2022 | SCHOOL TAX ADVANCE | $  11,821.46 | | | | $  11,821.46 | $   325,207.44 |
| 9/14/2022 | SCHOOL TAX DISBURSED | | | | $  11,821.46 | $          - | $   325,207.44 |
| 1/19/2023 | TOWN TAX ADVANCE | $   4,319.89 | | | | | $   4,319.89 | $   329,527.33 |
| 1/19/2023 | TOWN TAX DISBURSED | | | | $   4,319.89 | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |
| | | | | | | $          - | $   329,527.33 |

**Annual Escrow Account**
**Disclosure Statement**

| Escrow Account Transactions Prior to Bankruptcy Filing | | | | | | | |
|---|---|---|---|---|---|---|---|
| Transaction Date | Description | Servicer Advance to Escrow | Borrower Deposit to Escrow | Servicer Recovery from Escrow | Payment from Escrow | Escrow Account Balance | Total Servicer Advances |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |

**Annual Escrow Account**
**Disclosure Statement**

5/9/2023

| Escrow Account Transactions Prior to Bankruptcy Filing | | | | | | | |
|---|---|---|---|---|---|---|---|
| Transaction Date | Description | Servicer Advance to Escrow | Borrower Deposit to Escrow | Servicer Recovery from Escrow | Payment from Escrow | Escrow Account Balance | Total Servicer Advances |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |

**Annual Escrow Account**
**Disclosure Statement**

5/9/2023

| Escrow Account Transactions Prior to Bankruptcy Filing | | | | | | | |
|---|---|---|---|---|---|---|---|
| Transaction Date | Description | Servicer Advance to Escrow | Borrower Deposit to Escrow | Servicer Recovery from Escrow | Payment from Escrow | Escrow Account Balance | Total Servicer Advances |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |
| | | | | | | $   - | $   329,527.33 |

**Annual Escrow Account**
**Disclosure Statement**

5/9/2023

| Escrow Account Transactions Prior to Bankruptcy Filing | | | | | | | |
|---|---|---|---|---|---|---|---|
| Transaction Date | Description | Servicer Advance to Escrow | Borrower Deposit to Escrow | Servicer Recovery from Escrow | Payment from Escrow | Escrow Account Balance | Total Servicer Advances |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |
| | | | | | | $         - | $     329,527.33 |

**Annual Escrow Account
Disclosure Statement**

5/9/2023

| | | | | | | Escrow Account Transactions Prior to Bankruptcy Filing | |
|---|---|---|---|---|---|---|---|
| Transaction Date | Description | Servicer Advance to Escrow | Borrower Deposit to Escrow | Servicer Recovery from Escrow | Payment from Escrow | Escrow Account Balance | Total Servicer Advances |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |
| | | | | | | $        - | $        329,527.33 |

**Annual Escrow Account**
**Disclosure Statement**

| Escrow Account Transactions Prior to Bankruptcy Filing | | | | | | | |
|---|---|---|---|---|---|---|---|
| Transaction Date | Description | Servicer Advance to Escrow | Borrower Deposit to Escrow | Servicer Recovery from Escrow | Payment from Escrow | Escrow Account Balance | Total Servicer Advances |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |

# Annual Escrow Account
## Disclosure Statement

5/9/2023

| Escrow Account Transactions Prior to Bankruptcy Filing | | | | | | | |
|---|---|---|---|---|---|---|---|
| Transaction Date | Description | Servicer Advance to Escrow | Borrower Deposit to Escrow | Servicer Recovery from Escrow | Payment from Escrow | Escrow Account Balance | Total Servicer Advances |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |

# Annual Escrow Account
## Disclosure Statement

5/9/2023

| Escrow Account Transactions Prior to Bankruptcy Filing | | | | | | | |
|---|---|---|---|---|---|---|---|
| Transaction Date | Description | Servicer Advance to Escrow | Borrower Deposit to Escrow | Servicer Recovery from Escrow | Payment from Escrow | Escrow Account Balance | Total Servicer Advances |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |

**Annual Escrow Account**
**Disclosure Statement**

| Escrow Account Transactions Prior to Bankruptcy Filing | | | | | | | |
|---|---|---|---|---|---|---|---|
| Transaction Date | Description | Servicer Advance to Escrow | Borrower Deposit to Escrow | Servicer Recovery from Escrow | Payment from Escrow | Escrow Account Balance | Total Servicer Advances |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |

# Annual Escrow Account
## Disclosure Statement

5/9/2023

| Escrow Account Transactions Prior to Bankruptcy Filing | | | | | | | |
|---|---|---|---|---|---|---|---|
| Transaction Date | Description | Servicer Advance to Escrow | Borrower Deposit to Escrow | Servicer Recovery from Escrow | Payment from Escrow | Escrow Account Balance | Total Servicer Advances |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |

## Annual Escrow Account
### Disclosure Statement

5/9/2023

| Escrow Account Transactions Prior to Bankruptcy Filing | | | | | | | |
|---|---|---|---|---|---|---|---|
| Transaction Date | Description | Servicer Advance to Escrow | Borrower Deposit to Escrow | Servicer Recovery from Escrow | Payment from Escrow | Escrow Account Balance | Total Servicer Advances |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | **$ 329,527.33** |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | **$ 329,527.33** |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | **$ 329,527.33** |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | **$ 329,527.33** |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |

**Annual Escrow Account
Disclosure Statement**

5/9/2023

| Escrow Account Transactions Prior to Bankruptcy Filing | | | | | | | |
|---|---|---|---|---|---|---|---|
| Transaction Date | Description | Servicer Advance to Escrow | Borrower Deposit to Escrow | Servicer Recovery from Escrow | Payment from Escrow | Escrow Account Balance | Total Servicer Advances |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |
| | | | | | | $ - | $ 329,527.33 |

## Annual Escrow Account
### Disclosure Statement

5/9/2023

| Escrow Account Transactions Prior to Bankruptcy Filing | | | | | | | |
|---|---|---|---|---|---|---|---|
| Transaction Date | Description | Servicer Advance to Escrow | Borrower Deposit to Escrow | Servicer Recovery from Escrow | Payment from Escrow | Escrow Account Balance | Total Servicer Advances |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| | | | | | | $    - | $    329,527.33 |
| **Totals** | | $    387,868.07 | $    - | $    58,340.74 | $    329,527.33 | $    - | $    58,340.74 |

# EXHIBIT B



# New York State Unified Court System

# COURTS UCS

## WebCivil Supreme - Appearance Detail

Court: **Orange Supreme Court**
Index Number: **009428-2008**
Case Name: **WELLS FARGO BANK, NA AS TR vs. ARCHIBALD, EMANUEL; YVONNE**
Case Type: **RP-Mortgage Foreclosure-Residential**
Track: **Standard**

## Appearance Information:

| Appearance Date | Time | Court Date Purpose | Outcome Type | Justice Part | Remarks | Motion Seq |
|---|---|---|---|---|---|---|
| 04/05/2023 | 10:00 AM | Auction-Foreclosed Property | Not Held | Auction, Orange | Auctions take place at the court house at 285 Main Street, 2nd Floor, Division 3 Lobby, Goshen NY 10924 | |
| 04/03/2023 | 09:45 AM | Conference-Status | Held | Brown, Hon. Craig S. | Application for O/S/C w/TRO pending | |
| 03/29/2023 | | Motion-Order to Show Cause (Initial Application) | Denied | Brown, Hon. Craig S. | | 19 |
| 03/24/2023 | | Motion-Notice of Motion | Denied | Brown, Hon. Craig S. | | 18 |
| 09/02/2022 | 10:15 AM | Conference-Compliance | Held | Brown, Hon. Craig S. | in person | |
| 03/25/2022 | 03:45 PM | Conference-Status | Held | Brown, Hon. Craig S. | virtual | |
| 03/11/2022 | 09:30 AM | Conference-Status | Adjourned | Brown, Hon. Craig S. | virtual | |
| 01/28/2022 | 10:45 AM | Conference-Status | Held | Brown, Hon. Craig S. | virtual | |
| 01/07/2020 | | Motion-Notice of Motion | Adjourned | Slobod, Hon. Elaine | | 17 |
| 01/03/2020 | | Motion-Notice of Motion | Closed | Milligram, Hon. Steven I. | | 17 |
| 12/26/2019 | | Motion-Notice of Motion | Adjourned | Slobod, Hon. Elaine | | 17 |
| 11/28/2018 | | Motion-Other | Decided | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | | 16 |
| 11/13/2018 | | Motion-Other | Adjourned | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | | 16 |
| 08/15/2018 | | Motion-Other | Decided | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | PAPERS ONLY (Conversion) | 15 |
| 07/26/2018 | | Motion-Other | Adjourned | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | PAPERS ONLY (Conversion) | 15 |
| 05/11/2018 | | Motion-Other | Decided | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | PAPERS ONLY (Conversion) | 13 |
| 05/11/2018 | | Motion-Other | Decided | Slobod, Hon. Elaine | PAPERS ONLY (Conversion) | 12 |

| Date | Type | Status | Justice | Notes | Motion |
|------|------|--------|---------|-------|--------|
| | | | Elaine Z. Slobod - Motion PT. | | |
| 05/11/2018 | Motion-Other | Decided | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | PAPERS ONLY (Conversion) | 14 |
| 04/27/2018 | Motion-Other | Adjourned | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | PAPERS ONLY (Conversion) | 14 |
| 04/18/2018 | Motion-Other | Adjourned | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | PAPERS ONLY (Conversion) | 12 |
| 04/18/2018 | Motion-Other | Adjourned | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | PAPERS ONLY (Conversion) | 13 |
| 03/27/2018 | Motion-Other | Adjourned | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | | 13 |
| 03/27/2018 | Motion-Other | Adjourned | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | | 12 |
| 03/04/2016 | Motion-Other | Decided | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | | 10 |
| 03/01/2016 | Motion-Other | Decided | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | FOR SUBMISSION (Conversion) | 9 |
| 03/01/2016 | Motion-Other | Decided | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | | 11 |
| 02/16/2016 | Conversion-Other | Fully Submitted | Slobod, Hon. Elaine Elaine Slobod | OTSC, 2:00 P.M. (Conversion) | |
| 02/16/2016 | Motion-Other | Adjourned | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | FOR SUBMISSION (Conversion) | 9 |
| 02/08/2016 | Motion-Other | Adjourned | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | | 9 |
| 01/15/2016 | Motion-Other | Decided | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | | 7 |
| 01/15/2016 | Motion-Other | Decided | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | | 8 |
| 12/28/2015 | Motion-Other | Adjourned | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | | 7 |
| 07/06/2015 | Motion-Other | Decided | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | | 6 |
| 06/26/2015 | Motion-Other | Decided | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | | 4 |
| 06/26/2015 | Motion-Other | Decided | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | | 2 |
| 06/26/2015 | Motion-Other | Decided | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | | 3 |
| 06/26/2015 | Motion-Other | Decided | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | | 5 |
| 06/16/2015 | Motion-Other | Adjourned | Slobod, Hon. Elaine | | 2 |

| | | | | Elaine Z. Slobod - Motion PT. | | |
|---|---|---|---|---|---|---|
| 06/09/2015 | | Motion-Other | Adjourned | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | | 4 |
| 06/05/2015 | | Motion-Other | Adjourned | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | | 3 |
| 05/26/2015 | | Conversion-Other | Disposed/Result of a Motion | Slobod, Hon. Elaine Elaine Slobod | JGT DUE (Conversion) | |
| 04/21/2015 | | Conversion-Other | Adjourned | Slobod, Hon. Elaine Elaine Slobod | STATUS (Conversion) | |
| 03/18/2015 | | Motion-Other | Decided | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | | 1 |
| 01/16/2015 | | Conversion-Other | Adjourned | Lindstrom, John R. Foreclosure Conference | CONTROL (Conversion) | |
| 01/09/2015 | | Motion-Other | Adjourned | Slobod, Hon. Elaine Elaine Z. Slobod - Motion PT. | | 1 |
| 12/16/2014 | 09:30 AM | Conference-Foreclosure Settlement | Continued | Lindstrom, John R. Foreclosure Conference | Supreme Initial (first time on), 9:30 (Conversion) | |

Close

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**AFFIDAVIT OF SERVICE**

In Re:

EMANUEL ARCHIBALD

        Debtor

Case No.: 23-35251-cgm
(Chapter 13)

Assigned to:
Hon. Cecelia G. Morris
Bankruptcy Judge

| | |
|---|---|
| STATE OF NEW YORK | ) |
| COUNTY OF ERIE | ) SS: |
| CITY OF BUFFALO | ) |

        Dawn M Peters, being duly sworn, deposes and says that she is over eighteen years of age and resides in the Village

of Depew, New York.

        That on July 11, 2023, deponent served the within Affirmation in Opposition to Debtor's Objection to Creditor's

Claim by depositing a true copy thereof, properly enclosed in a securely closed and duly post-paid wrapper in a depository

regularly maintained by the United States Postal Service in the City of Buffalo, New York, directed as follows:

        EMANUEL ARCHIBALD               Debtor
        117 Brigadoon Blvd
        Highland Mills, NY 10930

        That on July 11, 2023, deponent served the within Affirmation in Opposition to Debtor's Objection to Creditor's

Claim by Court's Electronic Filing System (ECF) directed as shown:

        THOMAS C. FROST               Chapter 13 Trustee
        ECF: info@FrostSDNY13.com

        UNITED STATES TRUSTEE          U.S. Trustee
        ECF: USTPRegion02.PK.ECF@USDOJ.GOV

_Dawn M. Peters_
Dawn M Peters

Sworn to before me this 11th day
of July, 2023.

_Denise M. Miller_
Denise M. Miller
Notary Public

DENISE M. MILLER
Notary Public, State of New York
No. 01T06056186
Qualified in Erie County
Commission Expires 03/19/20 27